## Ex Parte RUSSELL.

[APPLICATION FOR PROHIBITION TO PROBATE COURT.]

1. *Writ does not lie, in first instance, to probate court.*—The supreme court will not, in the first instance, award a prohibition to the probate court: application must be first made to the circuit court, which is invested by statute (Code, § 628) with power and authority to exercise a general superintendence over the probate court.

PETITION by David M. Russell, by his attorney, for a writ of prohibition from this court, to restrain the probate court of Sumter from further proceedings in relation to a matter pending in said probate court, between said Russell, as administrator of Anson Brackett, deceased, and the guardian *ad litem* of the infant heir of said intestate. It appears from a transcript of the record, which is made a part of the petition, that said administrator was authorized by said probate court, from which he derived his letters of administration, to sell certain slaves belonging to the estate of his intestate, for the purpose of distribution ; that the sale was made, and an account thereof returned to said probate court ; that the guardian *ad litem* of the only minor heir of said intestate, who was appointed by a previous order of court, suggested to the court, through his attorneys, who also asked leave to make the suggestion as *amici curiæ*, that the sale ought not to be confirmed, because it was not made according to law, and because said administrator, through collusion with the widow of the intestate, suffered the slaves to be knocked off to her at less than one half of their value ; that the administrator objected to the suggestion being made or entertained, because the court had no jurisdiction of the subject-matter of it, and because there was no person in court who had authority to make it, and for these (with other) reasons he moved to dismiss the suggestion ; that the court overruled his objections and motion, and granted a continuance of the cause on the application of the other party ; and that the administrator excepted to these decisions of the court.

TURNER REAVIS, in support of the motion, cited the following authorities :—1. To show that the probate court had no jurisdiction of the matter,—Code, §§ 670–74, 1743–9, 1753, 1764–9, 1869 ; Session Acts 1853–4, p. 55, § 4.—2. To show that prohibition is the proper remedy,—United States v. Peters, 3 Dallas, 121 ; 8 Bacon's Abr. (by Bouvier,) "Prohibition."

RICE, C. J.—The second section of the fifth article of the constitution of this State declares, that " the supreme court, except in cases otherwise directed by this constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law ; *provided*, that the supreme court shall have power to issue writs of injunction, *mandamus, quo warranto, habeas corpus*, and such other remedial and original writs, as may be necessary to give it a general superintendence and control of inferior jurisdictions."

If it be " necessary" to give this court " a general superintendence and control of " the probate court of Sumter county, in matters like that complained of by the petitioner, that this court should issue the writ of prohibition, for which the petitioner has applied, it has the constitutional power to issue it. But if there is any court, inferior to this, which possesses the authority to afford to the petitioner relief as ample as this court could grant, or the law would sanction, this court has no constitutional power to award the writ, in the absence of any application to such inferior court.—*Ex parte* Simonton, 9 Porter, 383 ; The State v. Porter, 1 Ala. Rep. 688 ; *Ex parte* Tarleton, 2 *ib.* 35 ; *Ex parte* Morgan Smith, 23 *ib.* 98 ; *Ex parte* Pickett, 24 *ib.* 91 ; Thompson v. Lea, 28 *ib.* 453.

By section 628 of the Code, the circuit court of Sumter is invested with authority " to exercise a general superintendence over all inferior jurisdictions" in that county ; and may therefore issue the writ of prohibition, if the petitioner shows that he is entitled to it. If that court, upon a proper application, refuses to interfere, or if it takes jurisdiction and mistakes the law, " it will then be sufficiently early for a resort to this court." Until then, we carefully abstain from intima-

ting an opinion upon the question, whether the petitioner has been aggrieved by the action of the probate court, or whether he is entitled to the issue of the writ of prohibition out of the circuit court. See *Ex parte* Tarleton, *supra*, and other authorities cited above.

As no application for the writ of prohibition has been made by the petitioner to the circuit court of Sumter, it is clear, from the views above expressed, and the authorities above cited, that this court cannot issue the writ; and the application made to this court is therefore denied, at the costs of the petitioner.