## No. 5326.

STATE OF LOUISIANA ex rel. CITY OF NEW ORLEANS et al. *v.* THE. JUDGE OF THE SUPERIOR DISTRICT COURT, parish of Orleans, and W. E. MURPHY.

It has been invariably held by this court that its jurisdiction can only attach by appeal properly taken, and that it has not a supervisory control over the inferior tribunals.

APPLICATION for a writ of prohibition against the Judge of the Superior District Court, parish of Orleans, and W. E. Murphy. *George S. Lacey*, City Attorney, for relator. *Alfred Shaw*, for respondents.

HOWELL, J. The city of New Orleans and the Administrator of Finance allege that the defendant, W. E. Murphy, as transferree of the clerk of the Superior District Court, is attempting, by the process of injunction, to collect from the city of New Orleans the costs in a large number of tax suits, in violation of act No. 5 of 1870, which prohibits the issuance of any summary process against certain officers of the city, the object of which is to enforce the payment of money from the city; that the relators moved to dissolve the injunction on specified grounds and excepted to the jurisdiction of the court; that the motion and exception were overruled and the injunction allowed to remain in force, which will work an irreparable injury to the city, and they ask for a perpetual prohibition against the said judge and the said Murphy, restraining them from further proceeding in said case.

The defendants answer that the injunction issued in accordance with law and is not in violation of the act invoked, and they contend that as the injunction suit has not yet been tried and no judgment rendered from which an appeal has been or may be taken, the writ of prohibition does not lie.

This is the doctrine announced in the case of State ex rel. D'Meza et al. v. Judge of the Fourth District Court, 21 An. 123, which this court has followed since; but the counsel for the relators contends that the present application is not within the said doctrine; that the appellate jurisdiction of this court means its supervisory, as contra-distinguished from its original jurisdiction; that appellate control is not confined to cases of appeal, but extends to appealable cases actually pending in the inferior courts, and that this court can exercise its power therein by other process than that of appeal.

This argument has been frequently addressed to this court and we have invariably held that our jurisdiction can only attach by appeal properly taken, and that we have not a supervisory control over the inferior tribunals.

It is therefore ordered that the application be refused with costs.