¡State ex rel. Hirsch vs. Judge.

## No. 9847.

THE STATE EX REL. MRS. HIRSCH, WIFE, VS. THE JUDGE OF THE NINETEENTH JUDICIAL DISTRICT, AND THE JUSTICE OF THE PEACE FOR THE SIXTH WARD, PARISH OF ST. MARY.

The Supreme Court, under Article 90 of the Constitution, has *exclusive* control and general supervision over all inferior courts. It *alone* can issue the remedial writs mentioned in that article.

Other appellate courts may issue similar writs, but *only* in aid of their appellate jurisdiction.

A prohibition issued otherwise by a district court to a justice of the peace, is an absolute nullity. It ought to have been ignored and the justice ought to have proceeded, notwithstanding.

A *mandamus* cannot issue to a justice who is willing to proceed, but who thinks himself prevented by superior authority from doing so. The prohibition having been annulled, the justice must proceed with the case.

APPLICATION for Prohibition, Mandamus and Certiorari.

*B. F. Winchester* for the Relatrix.

*P. H. Mentz* for the Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a proceeding against a district judge and a justice of the peace, charging the former with usurpation of authority and the latter with denial of justice.

The relatrix complains that the district judge has issued a prohibition, forbidding the justice from trying a suit instituted before him, by her, the object of which was to prevent a third party from taking possession of a house of which she claims to be the owner.

She further complains that she has called upon said justice to proceed with the trial of said suit; but that he declined to do so, in consequence of the prohibition issued against him.

The relatrix charges that said district judge had no jurisdiction to issue the prohibition; that it was not binding on the justice, who ought to be ordered to proceed to determine her case.

She accordingly prays for a *certiorari* to test the validity of the proceedings thus had, that those had before the district court be annulled and the said court prohibited from interfering with the justice, and that the latter be commanded to try her suit.

The facts do not appear to be disputed by the respondents.

The district judge in his answer admits them.   He insists that the justice had no jurisdiction and that he accordingly was right in issuing

7

the prohibition. The justice in his return pleads the prohibition in justification of his conduct.

The questions are of law only.

Article 90 of the present Constitution vests this Court with control and general supervision over all inferior courts, and with power to issue writs of *certiorari*, prohibition, mandamus, *quo warranto* and other remedial writs.

The Constitution does not confer *similar* supervisory jurisdiction on any other court, whether it be a district court or a circuit court; although it vests the other appellate courts with the power to issue like writs *in aid of their appellate jurisdiction*.

Those courts have therefore no power to issue any of those writs, when not in aid of their appellate jurisdiction.

In a case in which a *certiorari* had been asked, the city judge pleaded to our jurisdiction, asserting that he was amenable *only* to the district court, to which appeals from his judgments could be taken.

We there held, in a considered opinion, that this Court has *exclusive* control and general supervision over all inferior courts, and that it *alone* can issue to such courts the remedial writs mentioned in Art. 90, whether in appealable or unappealable cases. See State ex rel. Gas Light Co. vs. Judge, 37 Ann. 286.

This view of the case dispenses us from passing on the question of lack of jurisdiction in the justice's court. Its incompetency could not vest the district court with a power denied it by the Constitution.

As the district court had no power to issue the prohibition, the justice was not bound to respect it. He ought to have ignored it and proceeded with the case. His transgression could not have been punished. State ex rel. Liversey vs. Judge, 34 Ann. 741 (746, VI.), and authorities cited.

This does not, however, justify a *mandamus* to the justice. The record shows that he overruled an exception to his jurisdiction and that, far from refusing to proceed with the case, he would have tried it unless for the prohibition, and that he is ready to hear and determine it.

There can be no doubt that the prohibition being declared a nullity, and having thus ceased to be an impediment in his way, and his tremor of martyrdom and incarceration being placated, he will try the case. It is not until he shall have refused to proceed that the writ can be sought.

It is therefore ordered that the prohibition issued by the District

Court for the 19th Judicial District, for the parish of St. Mary, be annulled to all ends and purposes, and that said court be prohibited from issuing any other similar writ to the justice of the peace for the sixth ward of said parish; and,

It is further ordered that the application for a *mandamus* against said justice be dismissed.