# Richmond.

GRESHAM v. EWELL, JUDGE.

APRIL 26th, 1888.

Absent, Richardson, J.

1. COURT OF APPEALS—*Jurisdiction.*—The constitution does not, *proprio vigore,* confer jurisdiction upon the court, but authorizes the legislature to do so. *Barnett* v. *Meredith, judge,* 10 Gratt., 650.
2. IDEM—*Prohibition—County courts.*—This court has no jurisdiction to award a writ of prohibition to a county court. Code 1873, ch. 156, sec. 4, Va. Constitution, Art. VI.

Petition for writ of prohibition. Opinion states the case.

*J. B. Sener* and *John S. Wise,* for the petitioner.

*B. R. Wellford, W. A. Jones,* and *L. T. Smith,* for the respondent.

LEWIS, P., delivered the opinion of the court.

This is a petition for a writ of prohibition to be directed to the county court of Lancaster county and to the judge thereof and others, to prohibit them from proceeding to enforce a certain judgment rendered in a contested election case by the said county court, and subsequently affirmed by the circuit court of the said county. It is contended, for reasons set forth in the petition, that the judgment, though affirmed by the cir-

cuit court, is *void;* and upon this ground, as no writ of error, under the recent statute, lies from this court in such a case, the writ is prayed for. The application is for the exercise of original jurisdiction by this court, which raises the question, whether the court has jurisdiction to issue the writ to a *county court.* The respondents deny that it has.

The constitution provides that this court "shall have appellate jurisdiction only, except in cases of *habeas corpus, mandamus,* and prohibition." And the statute enacts that "the said supreme court, besides having jurisdiction of all such matters as are now pending therein, shall have jurisdiction to issue writs of *mandamus* and prohibition to the circuit and corporation courts, and to the hustings court and the chancery court of the city of Richmond, and in all other cases in which it may be necessary to prevent a failure of justice, in which a *mandamus* may issue according to the principles of the common law." Code 1873, ch. 156, sec. 4; *Supervisors of Culpeper* v. *Gorrell,* 20 Gratt., 484.

It will thus be seen that the statute provides for issuing the writ from *this court* to the circuit and corporation courts and to the hustings and chancery courts of the city of Richmond, and *none others.* The county courts are not mentioned in the statute, and it is clear that the legislature intended to restrict the jurisdiction of the court to issuing the writ to the courts mentioned in the act. The latter part of the section above quoted evidently refers to the issuance of the writ of *mandamus* "to prevent a failure of justice," as the language is, "in all cases * * in which a *mandamus* may issue," etc.; and it would be absurd to say that a prohibition is an appropriate remedy in any case in which a *mandamus* may issue according to the principles of the common law. The two remedies, "according to the principles of the common law," are wholly dissimilar. The object of the one is to command an act *to be done;* the object of the other is to *prohibit* an act to be done; and the two cannot, therefore, be made concurrent.

The petitioner, however, contends that the jurisdiction of the court to issue the writ is independent of statute, and is conferred by the constitution without restriction; and, therefore, that the statute, in so far as it was intended to restrict the jurisdiction of the court, is null and void.

We do not think so. The constitution does not *proprio rigore* confer jurisdiction upon the court, but was intended to give the legislature power to do so. In other words, it provides that the court shall have *appellate* jurisdiction only, except in the cases enumerated; but it does not provide that it *shall* have *original* jurisdiction in every case where *habeas corpus, mandamus,* or prohibition is the appropriate remedy, but leaves the jurisdiction of the court in those cases to be regulated by law; giving power to the legislature to confer original jurisdiction in such cases, if it shall see fit to do so.

If the contention of the petitioner be well founded, then the court, without the aid of any statute, may exercise appellate jurisdiction in any case within its appellate jurisdiction under the constitution, and the statute, regulating writs of error and appeals, and making the circuit courts intermediate appellate tribunals between the county courts and this court, is unconstitutional—a position altogether untenable.

We are satisfied, apart from authority on the subject, that this construction of the constitution is the correct one. But we are not without authority; or, at all events, the case of *Barnett* v. *Meredith, judge,* 10 Gratt., 650, decided an analogous question, and the decision in that case is in accordance with the view we have expressed. It is impossible, without virtually overruling that decision, to come to any other conclusion. That was an application to this court for a *mandamus* to compel the judge of the circuit court of the city of Richmond to try a case depending in his court, but the writ was denied, on the ground that the court had no jurisdiction to issue it. The statute, as it then was, gave to this court "jurisdiction to issue writs of *mandamus* and prohibition to the district courts,"

and also to issue a writ of *mandamus* to a circuit court when "necessary to carry into effect any judgment or decree of its own or of any special court of appeals;" thus restricting the jurisdiction of the court to issue a writ of *mandamus* to the district courts, and to a circuit court in one case only—namely, when necessary to carry into effect a judgment or decree of the class mentioned.

It was contended in that case, as in this, that jurisdiction was conferred by the constitution, and that the court was, therefore, bound to exercise it, in a proper case, notwithstanding the omission of the legislature to give it. But the court, in a carefully considered opinion, held otherwise.

The provision in the then constitution, relied on, is identical with the provision of the present constitution, already quoted—namely, that "the supreme court of appeals shall have appellate jurisdiction only, except in cases of *habeas corpus, mandamus,* and prohibition." And it was also provided, that "the district courts shall not have original jurisdiction, except in cases of *habeas corpus, mandamus,* and prohibition."

Speaking for the court, Judge Allen said: "The two clauses respecting the jurisdiction of the district courts and this court, although in one negative words, and in the other affirmative, are used, yet mean the same thing; and are an illustration of the rule that negative words may imply an affirmative and the reverse. When it is said the district courts shall *not have original* jurisdiction except in cases of *habeas corpus,* the capacity to receive *appellate jurisdiction* is thereby affirmed; and when it is said that this court shall have appellate jurisdiction only, except in cases of *habeas corpus,* &c., the power of the legislature to confer original jurisdiction, except in the specified class of cases, is thereby negatived. But though by each form of expression the power to exercise appellate jurisdiction only is conferred on each court except in the particulars enumerated, the exercise of that jurisdiction must  *  *  be regulated by law. Otherwise, if all appellate jurisdiction attached to each

court by the imperative language of the constitution (subject only, as to this court, to the limitation as to amount), there would be an unlimited right of appeal to one or both courts from all the tribunals of the country. This is not the meaning of the constitution. As has been remarked, the constitution has not in terms vested the whole judicial power in the tribunals enumerated. It declares that there shall be certain courts, the jurisdiction of which should be regulated by law, except so far as the same was conferred by the constitution. It regulates the character of the jurisdiction, whether original or appellate, which the district court and this court may exercise; and restricts the power of the legislature, so as to prevent it from conferring original jurisdiction of any other character upon them. The cases in which the jurisdiction, whether appellate generally, or original of the character mentioned, must still be designated and regulated by law."

The learned judge then went on to show wherein the constitution he was construing differed in phraseology from the constitution of the United States, which provides that the supreme court *shall* have original jurisdiction in certain enumerated cases, and therefore that the case was not within the principle decided in *Durousseau* v. *United States*, 6 Cranch, 307, and continued as follows: "The constitution of Virginia does not prescribe any case in which the appellate powers of the court shall be exercised, or affirm that it shall exercise original jurisdiction in all cases of *habeas corpus*, *mandamus*, and prohibition. No appellate jurisdiction attaches *proprio vigore* to the district or to this court, although the capacity to exercise such appellate jurisdiction when given, is conferred by affirmative words as to this court, and negative words implying the affirmative as to the district court. And the exception as to original jurisdiction in cases of *mandamus*, *habeas corpus*, and prohibition, serves to remove a restriction on the powers of the legislature, and to endue the court with the capacity to receive original jurisdiction when conferred in such

cases as the law should prescribe, and to which the remedy by *habeas corpus, mandamus,* or prohibition was appropriate."

These views, which received the sanction of a unanimous court in that case, are decisive of this, and the rule must therefore be discharged.

RULE DISCHARGED.