BASCOM H. DUNN ET AL. V. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY ET AL.

Decided July 1, 1905.

**1.—Mandamus—Writ of Prohibition—Jurisdiction of Courts of Civil Appeals.**

Where suit was brought in the District Court to restrain the defendant therein from buying and selling railroad tickets, and upon a regular hearing the restraining order was granted, the Court of Civil Appeals had no jurisdiction, pending a motion for new trial in the District Court, and in the absence of a showing that the district judge refused to hear and determine such motion or to proceed with the case, to issue a writ of mandamus compelling him to proceed with the case, nor had it jurisdiction to issue a writ of prohibition restraining the plaintiffs in such suit from asserting or claiming any rights under the restraining order, neither of said writs being invoked in aid of appellate jurisdiction. Const., art. 5, sec. 6.

**2.—Same—Mandamus—Statute Construed.**

In the provision authorizing the Courts of Civil Appeals to issue the writ

of mandamus to compel a district judge to proceed to trial and judgment in a cause agreeably to the principles and usages of law, the terms "agreeably to the principles and usages of law" have reference only to the procedure in the Appellate Court in granting the writ, and the writ will not lie to control in advance the discretion of the trial court. Rev. Stats., art. 1000.

Original application for writs of mandamus and prohibition.

*Jas. S. Davis,* for applicant.

SPEER, ASSOCIATE JUSTICE.—This is an original application to this court for a writ of prohibition, restraining the St. Louis Southwestern and a number of other railroad companies from claiming and asserting any right or rights under a certain restraining order, issued by the Honorable Irby Dunklin, judge of the Forty-eighth Judicial District, in a certain cause pending in his court wherein the said railway companies sought to restrain these applicants from buying and selling certain railroad tickets issued by the railroad companies, and for a writ of mandamus against the district judge to compel him "to proceed to trial upon the pleadings and answer of the defendants therein, and upon the agreed and undisputed facts in said case, and to render such judgment therein as the law would warrant." The status of the case, as shown by the application to this court, is, that the railway companies mentioned instituted their suit seeking the restraining order, as aforesaid, to which an answer consisting of demurrers and pleas was duly filed. The cause came on regularly to be heard, and the restraining order prayed for was regularly issued by the District Court. In due time these applicants filed their motion for a new trial, which has never been disposed of, and the cause is still pending in the District Court of Tarrant County. There is no pretense that the honorable district judge refuses to hear or determine the said motion, or finally to dispose of the case.

The first question with which we are confronted is, whether or not we have jurisdiction to entertain this application. Necessarily, the jurisdiction of any court is limited by the terms of the Constitution and statutes creating it, and the powers which it may lawfully exercise are those only which are expressly conferred upon it, or those which are reasonably incident to the powers expressly conferred. Section 6 of article 5 of the Constitution, creating the Courts of Civil Appeals, provides: "Said Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law; . . . said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law." In pursuance of the authority thus conferred, the Legislature, in articles 996, 997, 998, 999 and 1000, of Sayles' Civil Statutes, has defined the powers of this court. The only articles necessary to quote are article 997, which provides, "The said courts and the judges thereof shall have power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts," and article 1000,

which is: "The said courts, or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the District Court to proceed to trial and judgment in a cause, agreeably to the principles and usages of law, returnable on or before the first day of the next term, or during the session of the same, or before any judges of said court, as the nature of the case may require."

Since the writs herein prayed for are not sought in aid of the jurisdiction of this court over this controversy, the article first quoted evidently confers no power upon us. So that any authority for entertaining this petition must be found in the last. The only authority conferred by this article is the power to compel a judge of the District Court to proceed to trial and judgment in a cause where he improperly refuses. No such case is shown by the application, for, indeed, it appears that this controversy is still pending before the District Court upon applicants' motion for a new trial, upon which they are not shown ever to have requested a ruling, and, for aught that appears, the court is ready and willing to act upon it at any time.

Applicants insist that the District Court has not determined the cause "agreeably to the principles and usages of law," and for that reason we are authorized, by the terms of the article last quoted, to issue the writ of mandamus therein provided for. While the expression, "agreeably to the principles and usages of law," has apparently been held to refer to the trial in the District Court (Shintz v. Morris, 13 Texas Civ. App., 580, 35 S. W. Rep., 516 and 825), the Supreme Court has shown clearly that the clause has reference only to the procedure in the Appellate Court. (Kleiber v. McManus, 17 S. W. Rep., 249.) With the question of whether or not the judgment actually rendered by the District Court is erroneous, or even void, as applicants contend, we have nothing to do, since "mandamus will not lie to control the exercise of the discretion of inferior courts, and, where such courts have acted judicially upon a matter properly presented to them, their decisions can not be altered or controlled by mandamus from the Superior court." (State v. Morris, 86 Texas, 226, and authorities there cited.)

As to our lack of jurisdiction to entertain the application, insofar as the main relief sought is concerned, we have no doubt. No other original jurisdiction than that immediately above discussed has ever been conferred upon this court by the Legislature, and, in the absence of such legislation, we clearly can not exercise the jurisdiction. In some of the States Appellate Courts are by law invested with the general power of supervision and control over inferior courts. In these States it is generally held that the Appellate Court may, in the exercise of such control, issue the writ of prohibition, but in those States where no such general supervision is given, or express power conferred, the rule is that such extraordinary writs will not issue, except in aid of appellate jurisdiction. (See Seele v. State, 20 S. W. Rep., 946; Fannin County v. Hightower, 29 S. W. Rep., 187; Ex parte Hamilton, 51 Ala., 62; Ex parte Russell, 29 Ala., 717; Singer Mfg. Co. v. Spratt, 20 Fla., 122; Standard Oil Co. v. Linn (Ky.), 32 S. W. Rep., 932; State v. Judge, etc., 26 La. Ann. 750; State v. Falls, 32 La. Ann., 553; State v. Judge, etc., 39 La. Ann.; 97; Harriman v. Commissioners, 53 Me., 83; State v. Rombaur, 99 Mo., 216; State v. City of

Columbia, 16 S. C., 412; City v. Halsey, 59 Tenn. (12 Heisk.), 210; Gresham v. Ewell, 84 Va., 784.)

Since we have no jurisdiction to issue the writ of prohibition prayed for, and since applicants' petition shows no ground for the issuance of mandamus against the district judge, the petition is dismissed.

*Dismissed.*