## BOYNTON v. BROWN, Mayor, et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1914.)

1. COURTS (§ 207*)—COURT OF CIVIL APPEALS —INJUNCTION—JURISDICTION.

The Court of Civil Appeals has no jurisdiction to issue injunctions except in aid of its own jurisdiction, under Rev. Civ. St. 1911, art. 1592.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 758; Dec. Dig. § 207.*]

2. COURTS (§ 207*)—COURT OF CIVIL APPEALS —INJUNCTION PENDING APPEAL.

Complainant brought mandamus to compel a city to order an election submitting the question whether a commission should be chosen to frame a new charter, and, notwithstanding proceedings were instituted before trial for an election to amend the existing charter, complainant permitted the mandamus proceeding to go to trial without alleging any illegality in the proposed election or applying for an injunction against the holding thereof. Mandamus having been denied, complainant appealed. *Held*, that complainant was not entitled to an injunction sued out of the Court of Appeals to restrain the election on the proposed amendments on the theory that, if the amendments were adopted, it would prevent the framing of a new charter for two years, as provided by Acts 33d Leg. c. 147, in case he was successful on the appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 758; Dec. Dig. § 207.*]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Application for mandamus by Alexander Boynton against Clinton G. Brown, Mayor, and others. Judgment for defendants, and plaintiff appeals and applies for an injunction. Application dismissed.

E. P. Lipscomb, of San Antonio, for appellant. Geo. R. Gillette and R. J. McMillan, both of San Antonio, for appellees.

MOURSUND, J. The application to this court for the issuance of an injunction restraining the election ordered to be held on February 24, 1914, recites the bringing of the suit for mandamus in the trial court to compel the city to order an election submitting the question, "Shall a commission be chosen

to frame a new charter?" the judgment of the trial court refusing the relief prayed for, the appeal to this court, and then recites that, notwithstanding the pendency of this litigation, respondents, for the very purpose of defeating same and rendering fruitless any results thereof, have called an election to be held on February 24, 1914, for the purpose of voting on certain proposed amendments to the existing charter of the city, and it is alleged that, under chapter 147 of the Acts of the Thirty-Third Legislature, no city charter shall be amended, altered, or repealed oftener than every two years, and therefore, if said amendments are carried, no further change can take place in the charter within two years, and, if this court should hold with appellant upon the questions raised upon his appeal, our judgment would be rendered nugatory by reason of the said election having been held and the amendments adopted. It is also alleged that said election ordered for February 24, 1914, is unauthorized and sought to be held under an invalid ordinance, and various reasons are urged why the same should not be permitted to be held.

[1] This court has no jurisdiction to issue injunctions except in aid of its own jurisdiction. Article 1592, Revised Statutes 1911; Hubbart v. Bank, 55 Tex. Civ. App. 504, 119 S. W. 711; Railway v. Hornberger, 141 S. W. 311; s. c. (Sup.) 157 S. W. 745; Dubose v. Woods, 162 S. W. 3; Williams v. Wood, 162 S. W. 1031, decided this term, but not yet officially reported.

[2] The record in this case discloses that the ordinance ordering the election for February 24, 1914, was passed on January 15, 1914, after 20 days' notice had been given by publication; that when appellant on January 19, 1914, filed his petition for mandamus in the trial court he knew, or should have known, that such election had actually been ordered; that only incidentally, as a reason for issuance of mandamus, was such proposed election mentioned in his petition, his allegation being that amendments to the charter had been surreptitiously and illegally prepared by the defendants, and they had stated that they would call an election to be held on or about February 24, 1914, for the purpose of voting on said amendments, and that the holding of the election would "confuse and make uncertain the charter of the city and the operations of the government thereof"; that on January 28, 1914, he permitted his case to go to trial without alleging any illegality in the proposed election or applying for any relief by injunction against the holding thereof. Had the trial court on January 28, 1914, granted the petition for mandamus as prayed for, the election ordered in obedience to such judgment would have taken place under the law not less than 30 nor more than 90 days after the passage of an ordinance calling same

and its publication. See Acts 33d Leg. c. 147, § 2.

Such election would have been held after February 24, 1914, and if the amendments had been carried on February 24, 1914, according to appellant's contention, the remedy he would have procured would have been of no avail to him if the report of the charter commissioners was adopted at an election held within two years from February 24, 1914. Appellant is chargeable with notice of all this at the time he let his case go to trial in the district court. If we decide there is merit in his appeal and reverse and remand his case, and the district court ultimately grants his prayer for mandamus, he will still have procured the same relief he would have procured had the court granted his prayer in the first instance, and such relief will be just as effective or ineffective, as the case may be, as it would have been had it been granted at once. No change in the situation has taken place since the case was tried in the lower court. We have the right to use our power to keep the status of the controversy in such condition that if appellant wins he will not be in worse condition than if he had procured judgment at once, but we cannot enlarge the relief he asked for and thereby deprive appellees of a right they would have had if the trial court had granted appellant's prayer. Our jurisdiction extends no further than to protect litigants in rights which were in controversy in the lower court, and which are to be passed upon by this court upon the appeal from the judgment of the lower court.

We have no jurisdiction to grant the injunction prayed for, and the application will be dismissed.