## REYNOLDS MORTGAGE CO. v. SMITH et al. (No. 3166.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 14, 1926.)

**Courts ⚖═207(3).**

Court of Civil Appeals has no power, on original application for injunction, to enjoin administratrix from applying for and securing, in an original proceeding in county court in course of administering an estate, an order setting aside incumbered property as her homestead, contrary to Rev. St. 1911, art. 3420.

Original application by the Reynolds Mortgage Company for injunction directed to Jennie Watson Smith, administratrix, and others. Refused.

Samuel & Brown, of Fort Worth, for applicant.

Austin S. Dodd, of Dallas, opposed.

HODGES, J. This is an original application for an injunction filed in this court. Its purpose is to secure an order restraining Jennie Watson Smith, administratrix of the estate of C. C. Smith, deceased, from apply-

ing for and securing an order from the county court of Red River county setting aside certain incumbered property as her homestead. The proceeding here is ancillary to the main suit of Reynolds Mortgage Co. v. Jennie Watson Smith et al. (No. 3164) 280 S. W. 879, this day decided by this court. The essential facts upon which this application is based are fully stated in the opinion in that case, and need not be here repeated.

This court has no power to interfere in the manner sought with the original proceedings in the county court of Red River county in the course of administering an estate. Article 3420 of the Revised Civil Statutes of 1911 prohibits the county court from setting aside as a homestead to the deceased's widow and minor children any property incumbered by liens. If this court had the power in this instance to issue the writ prayed for, it would not be proper to do so, since we cannot assume in advance that the county judge will ignore the statute. There is an averment in the application to that effect.

The application will therefore be refused.