### WICHITA FALLS TRACTION CO. v. COOK, Judge, et al.

### No. 12790.

Court of Civil Appeals of Texas. Fort Worth.
April 30, 1932.

Bonner & Childress, of Wichita Falls, for relator.

E. W. Napier, of Wichita Falls, for respondents.

### PER CURIAM.

On September 25, 1930, Mrs. Pearl Tedford instituted suit in the district court of Wichita county for the Seventy-Eighth judicial district in cause No. 24508, against the Wichita Falls Traction Company and Albert Liemkuhler, to recover damages for a personal injury alleged to have resulted from a collision between a street car operated by the defendant Wichita Falls Traction Company, on which plaintiff was a passenger, and a motorcar driven by the defendant Liemkuhler.

The trial of the case occurred on October 14, 1931, before a jury, who returned a verdict on special issues in favor of the plaintiff against the traction company for the sum of $13,000, and in favor of the defendant Liemkuhler as against plaintiff's demands against him.

On October 23, 1931, the court heard and overruled a motion by the traction company for a judgment in its favor notwithstanding the verdict, and at the same time heard and sustained a motion by the plaintiff and defendant Liemkuhler for a judgment in accordance with the verdict, and a judgment was then rendered in favor of the plaintiff against the traction company for $13,000 with interest and costs of suit, and that plaintiff take nothing of the defendant Liemkuhler.

- Thereafter the defendant traction company filed a motion to set aside the judgment already rendered and in lieu thereof for the entry of a judgment in favor of the traction company notwithstanding the verdict. On November 30, 1931, that motion was granted, and the former judgment in favor of plaintiff against the traction company was set aside and a judgment was rendered that plaintiff take nothing of the traction company notwithstanding the verdict. To that judgment the plaintiff and defendant Liemkuhler both excepted and gave notice of appeal to the Court of Civil Appeals of the Second Supreme Judicial District.

All of the foregoing proceedings were had at the September term of the court, which convened on the first Monday in September, 1931, and expired on December 5, 1931.

On December 5, 1931, and about 5 o'clock in the afternoon of that day, and before the adjournment of the term, the district court entered this order in said cause:

"This the 5th day of December, A. D. 1931. it appearing to the court that it is impracticable to conclude the trial of this cause at the present term, the present term is hereby extended for the purpose of concluding this case until and including the first day of February, A. D. 1932.

"[Signed]   W. W. Cook, Judge
                          "78th District Court."

When that order was made, no motion for new trial had been filed by either of the defendants, and the same was made and entered without notice to the Wichita Falls Traction Company.

At the next succeeding term of the court and on January 26, 1932, counsel for plaintiff filed a motion styled "Plaintiff's First Amended Motion for Judgment and New Trial," wherein it was alleged that the court erred in setting aside its former judgment and in rendering judgment in favor of the traction company.

Later the court entered an order reading as follows: "Whereas on the 5th day of December, A. D. 1931, the court entered an order extending the September term A. D. 1931, of this court until and including the first day of February, A. D. 1932, for the purpose of concluding the trial of the above styled and numbered cause, and it now appearing that it will be impracticable to conclude this case within the time stated, it is therefore ordered that the September term, 1931, be and is hereby further extended until and including the first day of April, A. D. 1932, for the purpose of concluding said case."

On March 31, 1932, counsel for plaintiff filed another motion styled "Plaintiff's Second Amended Motion for Judgment and New Trial," again alleging that the court had erred in setting aside the former judgment and praying for a cancellation of that order and for a reinstatement of the original judgment rendered in plaintiff's favor. On the same day that motion was filed, to wit, March 31, 1932, it was heard and granted and the order granting the same was amended by another order dated April 1, 1932, which was duly entered in the minutes of the court, and which reinstated the original judgment rendered in the cause. On April 1, 1932, another order was entered reading as follows:

"Whereas, in the above cause, without notice to or consent of defendant, Wichita Falls Traction Company, an order was entered December 5, 1931, extending the September term of this court until February 1st, and on February 1st, in the same way and manner, another order was entered extending the September term to April 1, 1932, for purposes in connection with the above entitled cause, reference being made to said orders, and

"Whereas on this day, on the request of plaintiff, Mrs. Pearl Tedford, the judgment in favor of the defendant, Wichita Falls Traction Company, has been set aside and judgment entered in favor of plaintiff against Wichita Falls Traction Company for $13,000, over the objection and exception of defendant; and the court deems it proper to extend the time within which the defendant may file motions and exceptions and procure necessary orders, etc.,

"Therefore, it is ordered, adjudged and decreed by the court that this case be continued and that the same term be and it is hereby extended to and including May 1, 1932."

A petition has been filed in this court by the Wichita Falls Traction Company, defendant in the above-entitled cause, for the issuance by this court of a writ of mandamus to compel Hon. W. W. Cook to observe and respect the judgment entered on November 30, 1931, setting aside the original judgment, and, in lieu thereof, rendering a judgment that plaintiff take nothing of the traction company, and to vacate and annul all of the orders recited above, made in said cause subsequently to the judgment of November 30, 1931, all on the ground that all of those proceedings were null and void because the court was without jurisdiction to render them; Hon. W. W. Cook, plaintiff Pearl Tedford, and Albert Liemkuhler all being made respondents to the petition.

It was alleged in relator's petition for the writ of mandamus that counsel for the traction company did not learn of the first order entered by the court of date December 5, 1931, extending the term of court, and of the motion of counsel for plaintiff filed January 26, 1932, until some time in March, 1932. It was further alleged that the first order made by the trial court on December 5, 1931, extending the term of court, was made upon the oral request of counsel for plaintiff, Mrs. Pearl Tedford, and the petition for mandamus filed here was duly verified by L. L. Allbritton, general manager of the traction company, and Hon. W. N. Bonner, its attorney of record.

After due consideration we have concluded that this court has no jurisdiction to grant and issue the writ of mandamus prayed for. Article 1823, Revised Civil Statutes of 1925, provides that: "Said courts [Courts of Civil Appeals] and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

Article 1824, as amended by the Acts of the 41st Leg. (1929) c. 33, § 1 (Vernon's Ann. Civ. St. art. 1824) now reads: "Said courts or any judge thereof * * * may * * compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

■ Many decisions might be cited holding that the Court of Civil Appeals can issue a mandamus or injunction only when the same is necessary to preserve or enforce its jurisdiction. Taylor v. American Trust & Savings Bank of El Paso (Tex. Civ. App.) 265 S. W. 727; Boynton v. Brown (Tex. Civ. App.) 163 S. W. 599; Tipton v. Ry. Postal Clerks' Inv. Ass'n (Tex. Civ. App.) 170 S. W. 113; Ford v. State (Tex. Civ. App.) 209 S. W. 490; Dunn v. Ry. Co., 40 Tex. Civ. App. 242, 88 S. W. 532.

■ While notice of appeal was given by the plaintiff and the defendant Liemkuhler from the judgment rendered in favor of the traction company on November 30, 1931, no further steps were taken to perfect the appeal by filing an appeal bond. Indeed, it conclusively appears that those parties abandoned any apparent intention to prosecute an appeal from that judgment. Nor has the traction company prosecuted any appeal or writ of error from the judgment of the court entered on April 1, 1932, reinstating the orig-

inal judgment in plaintiff's favor against it. And therefore it cannot be said that the writ prayed for is necessary to preserve or to enforce the jurisdiction of this court.

The relator has cited the following decisions by our Supreme Court, in each of which a mandamus was issued by that court compelling a judge of the district court to give effect to a judgment theretofore rendered and which was attempted to be set aside or ignored by the trial judge: Federal Surety Co. v. Hon. W. W. Cook, Dist. Judge, 119 Tex. 89, 24 S.W.(2d) 394; Seagraves v. John M. Green, Dist. Judge, 116 Tex. 220, 288 S. W. 417; Phil S. Pierce v. Royal R. Watkins, Dist. Judge, 114 Tex. 153, 263 S. W. 905; J. W. Townes v. Hal S. Lattimore, Dist. Judge, 114 Tex. 511, 272 S. W. 435. However, the jurisdiction conferred upon the Supreme Court to issue such a writ as sought in this case is much more extensive than the powers given to the Courts of Civil Appeals, as shown by article 1733, Rev. Civ. Statutes, which reads as follows: "The Supreme Court or any Justice thereof, shall have power to issue writs of procedendo, certiorari and all writs of quo warranto or mandamus agreeable to the principles of law regulating such writs, against any district judge, or Court of Civil Appeals or judges thereof, or any officer of the State Government, except the Governor." And the decisions cited were by virtue of the jurisdiction thus conferred.

Decisions of the Courts of Civil Appeals cited by relator, such as White v. Day, 230 S. W. 843; Cory v. Richardson, 191 S. W. 568; Frick-Reid Supply Co. v. Jones, 286 S. W. 650, are not in point, since in those cases the jurisdiction of the Courts of Civil Appeals had attached by reason of appeals or writ of error prosecuted from the judgments of the trial courts. And in those cases certain orders of the trial courts were held to be void; but the question of the jurisdiction of those courts to grant a writ of mandamus or an injunction to compel the trial courts to vacate or ignore those orders was not involved.

Petition for writ of mandamus refused.