### ADAMS et al. v. MITCHELL et al.
### No. 1772.

Court of Civil Appeals of Texas. Waco.
Oct. 3, 1935.

Brownlee & Brownlee, of. Madisonville, for relators.

J. L. Broadway, of Madisonville, and M. L. Bennett, of Normangee, for respondents.

GALLAGHER, Chief Justice.

Respondents, Joe Mitchell, Joe E. Webb, M. L. Bennett, and J. Luther Broadway, instituted suit in the district court of Madison county in trespass to try title to recover of relators, Will Adams, Gertrude Adams, J. M. Brownlee, and Milton M. Brownlee, title to and possession of a tract of land situated in said county. A trial was had and the issues of fact submitted to a jury. The court, upon the findings returned by the jury in response thereto, on December 3, 1934, rendered judgment that the respondents take nothing by their suit,' and that they pay all costs accrued in the cause. Said judgment was duly entered on the minutes of the court. Respondents filed a motion for new trial. The term of the court at which such trial was had expired by operation of law on December 8, 1934. On that day the court made an order extending said term for a period of two weeks to enable him to hear and determine said motion for new trial. Said order was reduced to writing and signed by the presiding judge, but was not then lodged with the clerk nor recorded in the minutes. There is no showing that his attention was ever called to such order until several days thereafter. On the 17th day of December, 1934, said order was delivered to the clerk by counsel for respondents and was then for the first time recorded in the minutes. The court on that day granted respondents' motion for new trial and set aside the judgment theretofore rendered and entered.

Relators alleged that the order of the court extending said term was wholly ineffective and void because the same was not, during said term, entered of record in the minutes of the court, as required by the statute authorizing such extensions; that respondents' motion for new trial was overruled by operation of law on said 8th day of December, 1934; that the judg-ment of the court in said cause then and there became final, and that no appeal has been prosecuted therefrom. Relators further alleged that the court considered his order granting a new trial in said cause valid and effective, and that he had announced that he would set the same for trial at the next term of the court, which was about to convene, and that he would require said cause to be retried unless such action on his part was prohibited by this court. They prayed for a writ of prohibition commanding said court and the judge thereof to desist from further action or proceeding in said cause.

Relators' application necessarily invokes consideration of our jurisdiction to grant the relief sought. As shown by the foregoing statement, the appellate jurisdiction of this court has been in no way invoked. The authority of a Court of Civil Appeals to issue extraordinary writs is statutory and is contained in articles 1823 and 1824 of our Revised Statutes. Considering these articles in reverse order, the latter, as amended by the Acts of the 41st Legislature, 1929, chapter 33, § 1 (Vernon's Ann. Civ. St. art. 1824), now reads: "Said Courts * * * may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require." Relators' application is not within the terms of said article. Article 1823 provides that: "Said courts [Courts of Civil Appeals] and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." According to the great weight of authority, a Court of Civil Appeals is by this article empowered to issue said writs only when the same are deemed necessary to aid or. enforce its appellate jurisdiction. Shelton v. City of Abilene (Tex. Civ. App.) 75 S.W.(2d) 934, 936, pars. 6 and 7; Life Insurance Company of Virginia v. Sanders (Tex. Civ. App.) 62 S.W.(2d) 348, 349, par. 1; Hardy v. City of Throckmorton (Tex. Civ. App.) 62 S.W.(2d) 1104, 1105, par. 1; Wichita Falls Traction Co. v. Cook (Tex. Civ. App.) 50 S.W.(2d) 422, 423 (second column);. Madison v. Martinez (Tex. Civ. App.) 42 S.W.(2d) 84, 86, par. 1 (writ refused); City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S.W.(2d) 271; Reynolds Mortgage Co. v. Smith (Tex. Civ. App.) 280 S. W. 881; Taylor v. American Trust &

Savings Bank (Tex. Civ. App.) 265 S. W. 727, 730, par. 1; Texas Electric & Ice Co. v. City of Vernon (Tex. Civ. App.) 254 S. W. 503, 504, pars. 2 and 3, and authorities there cited; Ford v. State (Tex. Civ. App.) 209 S. W. 490, 491, par. 1; Tipton v. Railway Postal Clerks Investment Ass'n (Tex. Civ. App.) 170 S. W. 113; Boynton v. Brown (Tex. Civ. App.) 163 S. W. 599, 600, par. 1 (writ refused) and authorities there cited; Dunn v. St. L. S. W. Ry. Co., 40 Tex. Civ. App. 242, 88 S. W. 532, par. 1. The jurisdiction of the Courts of Civil Appeals to issue writs of prohibition to enforce their jurisdiction by restraining interference with the execution of their judgments has been recognized by the Supreme Court and frequently exercised. City of Houston v. City of Palestine, 114 Tex. 306, par. 1, 267 S. W. 663; Browning-Ferris Machinery Co. v. Thomson (Tex. Civ. App.) 55 S.W.(2d) 168, 169, pars. 1 to 3, and authorities there cited.

■ We are cognizant of the fact that there are many reported cases not within the provisions of article 1824 of our Revised Statutes hereinbefore referred to, in which our Supreme Court has exercised original jurisdiction to issue writs of mandamus, injunction, and prohibition without being first invested with appellate jurisdiction of the cause. Pierce Company v. Watkins, 114 Tex. 153, 263 S. W. 905; Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613; Yett v. Cook, 115 Tex. 175, 268 S. W. 715, 281 S. W. 843; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S. W. 296; Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W. (2d) 394. The original jurisdiction conferred on that court by the Constitution and statutes passed in pursuance thereof is much broader than the jurisdiction so conferred on Courts of Civil Appeals. Const. art. 5, § 3; Revised Statutes, arts. 1733 and 1735; Wichita Falls Traction Co. v. Cook, supra (Tex. Civ. App.) 50 S.W. (2d) 422, page 424 (1st column). Such cases, therefore, constitute no precedent for the exercise of such jurisdiction by this court.

Relators' petition is dismissed for lack of jurisdiction.