## ARMENDAIZ v. RAY et al.

### No. 11902.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 22, 1948.

Rehearing Denied Oct. 20, 1948.

Hale Schaleben, of Edinburg, S. L. Gill, of Raymondville, and Julius F. Franki, of Austin, for relators.

Greenwood, Johnson & Phillips, of Harlingen, for respondents.

MURRAY, Justice.

This is an original petition for writ of mandamus filed, with permission of the Court, by Francisco Armendaiz, Successors, as relators, against Honorable Robert Ray, as County Judge of Willacy County, Texas, Arroyo Colorado Navigation District of Cameron and Willacy Counties, Texas, and others, seeking to require the county judge to enter judgment nunc pro tunc upon a special issue jury verdict returned at the February term of the County Court of Willacy County, in Cause No. 803, styled, "Arroyo Colorado Navigation District of Cameron and Willacy Counties v. Francisco Armendaiz, Successors," the same being a condemnation proceeding.

The Navigation District determined that it desired to condemn for its own use certain easements and right-of-way over lands belonging to Francisco Armendaiz, Successors, and in furtherance of this matter filed with Robert Ray, County Judge, its written statement for condemnation of these lands, for right-of-way, for dredging, and for soil disposal areas over, upon and across these lands, amounting to some 2,-236.82 acres, belonging to relators herein. Thereafter, Robert Ray, as County Judge, appointed special commissioners to assess the damages to relators' property occasioned by the condemnation of such easements and right-of-way. In due time, the commissioners made their award in writing, fixing the damages occasioned to relators by such taking in the sum of $600. The award of said special commissioners was filed by them in said Cause No. 803, on July 5, 1947. Within ten days thereafter, to-wit, July 12, 1947, relators objected in writing, as authorized by Article 3266, Subd. 6, Vernon's Ann.Civ.Stats., to such award, whereupon said cause was duly set down for trial de novo, as provided by law. In July, 1947, the Navigation District deposited the $600 in the registry of the court, together with court costs, for the purpose of enabling it to take immediate possession of the easement and right-of-way over relators' lands. On September 18, 1947, the Navigation District executed and delivered to the United States Government a deed to the easement and right-of-way herein involved.

Thereafter, said Cause No. 803 came on for trial de novo on February 26, 1948, during the February term of the County Court of Willacy County, upon the written statement of respondent Navigation District for condemnation and the objections and exceptions of relators. A jury trial was had. In keeping with the stipulations of the parties, the cause was submitted to the jury on the one special issue of damages. In answer to this issue the jury fixed the damages at $90,715. The jury returned their verdict at about 5 p. m. on the evening of September 28, 1947. The County Judge received this verdict in open court and announced that the verdict of the jury would be received and entered, and that judgment would be rendered thereon accordingly. He ordered the verdict filed and discharged the jury. February 28th was the last day of the term, but this fact seemed to have been overlooked by all parties, and on March 1, 1948, the attorneys for relators presented to the County Judge a final judgment in keeping with the verdict of the jury which he signed. On March 4, 1948, attorneys for respondent Navigation District filed a motion for new trial, and on March 22, 1948, an amended

motion for a new trial was filed. It is apparent, however, that both the filing of the judgment and the motion for a new trial were without effect, because done after term time.

At the April term of the County Court the Navigation District filed a motion for a non-suit and expressed its desire to abandon the proceedings, while the relators filed a motion for judgment nunc pro tunc upon the verdict of the jury returned at the February term of the court. On May 13, 1948, and during the May term of the court, the County Judge overruled relators' motion for judgment nunc pro tunc and granted respondent Navigation District's motion to dismiss and discontinue said Cause No. 803. No appeal was taken from this judgment of dismissal. On August 2, 1948, respondent Navigation District instituted another condemnation suit for easements and right-of-way over a large portion of the same land involved in the first condemnation proceedings.

■ Relators contend that the order of dismissal was void and that it is the ministerial duty of the trial judge to enter judgment nunc pro tunc on the verdict of the jury. We disagree with these contentions. The trial court had jurisdiction to render judgment nunc pro tunc at the May term, where judgment had not been entered at the February term, upon relators' motion for judgment nunc pro tunc. The power to render a correct judgment at a subsequent term gave him the power to render an incorrect judgment, subject to having his error corrected upon appeal. The judgment of dismissal was a final appealable judgment in the case, and relators lost their right to have any alleged error corrected by their failure to appeal from that final judgment.

In 3 Tex.Jur. par. 70, p. 135, it is said: "In general an order of dismissal that completely disposes of the case is a final and appealable judgment, for it puts both parties out of court and ends the case as effectually as a judgment on the merits."

■ The writ of mandamus will not lie where a litigant has a right to have his claimed error corrected by an appeal. 28 Tex.Jur. § 10, p. 530; 28 Tex.Jur. § 36, p.

579; Coke v. Pottorff, Tex.Civ.App., 140 S.W.2d 586.

■■ Furthermore, there was no appeal from the judgment of dismissal in this case, and the time has now passed when steps could have been taken to have perfected an appeal in this Court. Art. 1823, Vernon's Ann.Civ.Stats., gives this Court jurisdiction to issue the writ of mandamus only when it is necessary to enforce the jurisdiction of this Court and, no appeal having been taken, we have no jurisdiction over this cause to be protected. Wichita Falls Traction Co. v. Cook, Tex.Civ.App., 50 S. W.2d 422. Art. 1824, Vernon's Ann.Civ. Stats., gives this Court jurisdiction to issue the writ of mandamus to compel a judge of the district or county court to proceed to trial and judgment in a cause, but here the County Judge has proceeded to judgment. Wichita Falls Traction Co. v. Cook, supra; Elliott v. Williams, Tex. Civ.App., 9 S.W.2d 483.

■ It will be borne in mind that this is not an ordinary lawsuit but a condemnation proceeding. Ordinarily, it may be the ministerial duty of a trial judge to enter judgment upon the verdict of a jury, but this is not necessarily true in a condemnation proceeding. A condemner may abandon his condemnation proceedings, where the damages awarded are higher than he is willing to pay, unless he has done something which would estop him from so abandoning the proceedings. It has been said that damages found by the jury is nothing more than an offer to sell the property to the condemner for that price, which he may refuse if he thinks it too high. Leonard v. Small, Tex.Civ.App., 28 S.W.2d 826; Board of Regents of State Teachers College v. Kelley, Tex.Civ.App., 208 S.W.2d 565.

■ It is contended here by relators that the Navigation District had taken the property involved and were therefore estopped to abandon the proceedings. The trial judge found that the property had not been taken and therefore permitted the Navigation District to take a non-suit. The trial judge's ruling on this matter may or may not have been in error, but we cannot here pass upon whether or not he

properly used his judicial discretion in this ruling. If relators desired to have this judicial act of the trial judge reviewed they should have prosecuted an appeal from the judgment of dismissal.

If we should grant a mandamus requiring the trial judge to enter a judgment on the verdict of the jury, this would not prevent the relators from dismissing the proceedings upon a proper showing. And whether or not they had made a proper showing would be addressed to the judicial discretion of the trial judge. The trial judge has already exercised his judicial discretion in favor of respondents' right to dismiss, so it would be a useless thing to require him to enter judgment upon the verdict of the jury.

It is made to appear that respondents have already begun another condemnation proceeding on at least a part of the land here involved, and we are asked to enjoin them from prosecuting that cause. We cannot here pass upon the question of whether or not the first proceeding is a bar to the second proceeding. That is a matter which might properly be urged in defense of the second proceeding.

The temporary injunction heretofore issued by us is set aside and the relief prayed for by relators is denied.