**DOZIER v. WRAY, County Judge, et al.**

No. 2870.

Court of Civil Appeals of Texas. Waco.

June 16, 1949.

Rehearing Denied July 7, 1949.

# 179

D. L. Whitehurst, Dallas, Archie C. Price, Grand Prairie, for relator.

Price Daniel, Atty. Gen. of Texas, Dean J. Capp, Asst. Atty. Gen., Ned McDaniel, Asst. Atty. Gen., Stuart B. Lumpkins, County Atty., Ellis County, Waxahachie, for respondents.

LESTER, Chief Justice.

The relator, Vernon William Dozier, filed in this court his motion for permission to file a petition for writ of mandamus requiring the Honorable Lem Wray, Judge of the County Court of Ellis County, Texas, to render judgment upon the verdict of the jury returned in said court in Cause No. 7969, styled State of Texas v. Vernon William Dozier; and prayed for a restraining order against the Honorable Homer Garrison, Jr., Director of the Texas Department of Public Safety, Driver's License Division et al. enjoining him from attempting to suspend the driver's license of the relator and from threatening to prosecute him. Relator's motion for permission to file petition for mandamus was granted and a temporary restraining order issued against the respondent Garrison.

The case was filed in the Justice Court of Ellis County, Texas, under the provisions of Article 6687b, § 22, Vernon's Ann. Civil Stats., and appealed to the County Court. Trial was had in the County Court on May 6th, the same being the April term of said court, which continues until midnight of July 2nd.

The jury found in answer to special issues submitted that the relator, on August 7, 1948, while under the influence of intoxicating liquor, drove an automobile on Forrest Avenue in the city of Dallas, Texas, and in answer to a special issue requested by the relator, the jury found that he was not under the influence of intoxicating liquor to the extent that he did not have the normal use of his physical and mental faculties by reason of said use of intoxicating liquor.

Ordinarily, a writ of mandamus will issue to an inferior court to compel the performance of a certain and positive duty, made mandatory by law, or the doing of an act that is simply ministerial and involves no judicial discretion where there has been a request or demand therefor and the court has refused to act within the time he is required to do so. Tex.Jur., Vol. 28, p. 568, sec. 30; Dallas Railway & Terminal Co. v. Watkins et al., 126 Tex. 116, 86 S.W.2d 1081. But a writ will not lie where no request or demand has been made for the performance of such act or where there has been no refusal to perform. Tex.Jur., Vol. 28, pp. 550, 551, secs. 21 and 22; Hursey v. Bond, 141 Tex. 337, 172 S.W.2d 305; Gann v. Hopkins, Tex.Civ.App., 119 S.W.2d 110; Kemp v. Wilkinson, 113 Tex. 491, 259 S.W. 912; Dunn v. St. Louis Southwestern R. Co., 40 Tex.Civ.App. 242, 88 S.W. 532.

Relator nowhere in his petition alleges that any demand, written or oral, has been made upon the judge to enter judgment upon the verdict of the jury, but he has alleged in general terms that the judge has wholly failed and refused and still fails and refuses to enter judgment. He alleges that on May 7, 1949, he forwarded to the clerk of the court (a copy of which was sent to the judge) a motion for judgment in said cause, and incorporates in his petition a copy of a letter dated May 9th which the judge wrote to one of his attorneys, which is as follows:

"This will acknowledge copy of motion, the original of which as you suggest is forwarded to the Clerk of the County Court.

"As I interpret the law under which we were undertaking to handle this matter, it provides only that the Court, or the jury if demanded, enter findings upon a 'hearing', and, that such findings be certified to the Department of Public Safety. If this be true, then the responsibility is upon such Department to act upon the findings—if such action is adverse to the position taken by you for your client, then he has access to the Court to determine whether the Department acted arbitrarily.

"Inasmuch as this is the first case of its kind tried in Texas (as I am reliably informed) then, there may be a question as to the correctness of the above opinion as to what is to be done following the returning into court the answers of the jury.

"I shall be most happy to entertain any brief upon the point which you gentlemen may furnish me, and hold my decision in abeyance.

"I have already instructed the Clerk to furnish a photostatic copy of the charge and answers, including your issue and answer to the Department of Public Safety."

But there is no allegation that he ever requested the court to act upon said motion and the letter cannot be construed as a refusal upon the part of the court to act. The judge did state in his letter that as he interpreted the law at that time the matter was up to the Department of Public Safety, and if he was correct in his interpretation, the responsibility was upon such Department; but indicative of his willingness and desire to take the proper action in the matter he stated further: "Inasmuch as this is the first case of its kind tried in Texas (as I am reliably informed) then, there may be a question as to the correctness of the above opinion as to what is to be done following the returning into court the answers of the jury. I shall be most happy to entertain any brief upon the point which you gentlemen may furnish me, and hold my decision in abeyance."

The County Judge has filed in this court his sworn answer, in which he says he has never refused to enter judgment in said cause; that there is a serious doubt under the law in construing the answers of the jury to the submitted issues as to whether such answers are in irreconcilable conflict, and that the same require careful study in order that a proper judgment may be entered in said cause within the time allowed by law; that his present intention is to study said answers and to act upon them in the manner and in the time required by law.

When a mandatory duty is required of a court the performance of which is required during a certain term, the Court has a discretionary power as to what time during said term such duty shall be performed, and a writ of mandamus will not lie without a positive showing that the court will not perform such duty before the time has expired. Before a writ will issue it must definitely appear that the respondent has actually defaulted in the performance of his clear and legal duty. Under the sworn pleadings of the County Judge he states that he is willing and intends to act in the matter during the present term of court, and that the question involved requires serious study. This court has no right to anticipate or assume that the court will fail or refuse to act during the time it has to so act. The relator having failed to show a clear legal right for the issuance of the writ of mandamus prayed for, the same is hereby denied.

Respondent Garrison, by and through the Attorney General's Department of Texas, has filed a sworn pleading admitting that on May 13, 1949, the Department issued an order purporting to suspend the relator's driver's license, and that such administrative action was based upon the findings of the jury theretofore forwarded to the Department of Public Safety from the Ellis County Court in said cause; that it was the understanding of the representatives of the Department that a judgment rendering an affirmative finding for the Department had been entered contemporaneous with the return of such jury findings; that upon determining that such judgment had not been entered in said cause, and recognizing the necessity for the entry of the judgment as the basis upon which administrative action by the Department must be predicated, the Department, on May 30, 1949, entered an order vacating and rescinding the suspension order of May 13, 1949, without prejudice, pending the entry of judgment of the County Court of Ellis County in the said pending cause; that the Department of Public Safety will not attempt to enforce the suspension order entered on May 13, 1949, which has been vacated and rescinded, nor will the Department take any action against the said Vernon William Dozier for failure to deliver his operator's license as required under the suspension order of May 13, 1949, heretofore vacated

and rescinded, and prayed that the court dissolve the temporary restraining order heretofore issued and that the temporary and permanent injunction against such respondent be in all things denied since there no longer exists cause for such relief as the action of the respondent, Homer Garrison, Jr., which is sought to be enjoined has been vacated and rescinded.

 Under the present situation we are of the opinion that there is no necessity for a restraining order against the Department of Public Safety and the order heretofore issued should be dissolved and a temporary and permanent injunction denied, as it clearly appears that said respondent will abide and be governed by the final action of the County Court in the matter. Ross v. Veltmann, Tex.Civ.App., 161 S.W. 1073; Teas v. Swearingen et al., Tex.Civ.App., 101 S.W.2d 334.