P. G. Peurifoy and G. W. Thomason v. G. W. Wiebusch.

No. 6830.   Decided May 15, 1935.
(82 S. W., 2d Series, 624.)

*W. F. Bane,* of Dallas, for plaintiff in error Peurifoy, and *Walter R. Fly,* of Dallas, for plaintiff in error Thomason.

The trial court has an inherit right to grant new trial so long as it has jurisdiction of the case. Cohen v. Moore, 101 Texas, 45, 104 S. W., 1053; Freeman on Judgments, Vol. 1, p. 380; Croom v. Little, 42 S. W. (2d) 490; Dallas Storage & Warehouse Co. v. Taylor, 124 Texas, 315, 77 S. W. (2d) 1031; Kittrell v. Fuller, 281 S. W., 575.

*W. H. Reid* and *John A. Erhard,* of Dallas, for defendant in error.

The provisions of Art. 2092, sec. 28, are mandatory. Millers Mut. Fire Ins. Co. v. Wilkirson, 44 S. W. (2d) 787, affirmed 124 Texas, 312, 77 S. W. (2d) 1035; Thomas v. Murphy, 125 Texas, 70 S. W. (2d) 1020.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals dismissed the appeals of plaintiffs in error Peurifoy and Thomason from judgment rendered against them in favor of defendant in error Wiebusch in one of the district courts of Dallas County in which the rules of practice and procedure are prescribed by Article 2092, Revised Civil Statutes of 1925. (73 S. W. (2d) 142).

Pursuant to peremptory instruction by the court, the jury returned a verdict in favor of Wiebusch, who was plaintiff, and against Thomason, defendant, and Peurifoy, intervenor, on May 28, 1932. While the record is somewhat vague, it will be assumed for the purpose of this opinion to show that on that day the court pronounced judgment in favor of Wiebusch against Peurifoy and Thomason. On May 30, 1932, Thomason filed a motion for a new trial, which was amended on June 18, 1932. Peurifoy filed a motion for new trial on June 6, 1932. Judgment was not entered on the minutes during the term at which the case was tried and the verdict returned, and on August 30, 1932, during the succeeding term, judgment was,

on plaintiff's motion, entered as of May 28, 1932. Peurifoy filed what he designated his original motion for new trial on September 7, 1932, and on September 26, 1932, he filed his amended motion in lieu of said originial motion. Thomason filed no motion for a new trial after the entry of the judgment. On September 30, 1932, the court entered an order reciting that Thomason's original and amended motions for new trial and Peurifoy's amended motion were presented, heard and over-ruled, and that both of said parties in open court excepted and gave notice of appeal. Peurifoy and Thomason filed separate appeal bonds on October 28, 1932.

It is our opinion that the Court of Civil Appeals erred in dismissing Peurifoy's appeal and correctly dismissed Thomason's appeal.

1   It is settled that when judgment is pronounced at one term and not entered of record at that term, but is entered nunc pro tunc at the succeeding term, the right of appeal dates from the entry of the judgment. Palmo v. Slayden & Co., 100 Texas, 13, 92 S. W., 796; Bassett v. Mills, 89 Texas, 162, 34 S. W., 93; Gulf C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 207 S. W., 897; Texas & N. O. Ry. Co. v. Texas Tram & Lumber Co., 50 Texas, 182, 110 S. W., 140; Trotti v. Kinnear, 144 S. W., 326; Cooper v. Carter, 233 S. W., 1020; Burnette v. Miracle, 295 S. W., 214; Gilmore v. Ladell, 34 S. W. (2d) 919 (application for writ refused); Brinkley v. State, 49 S. W. (2d) 516.

2   After the entry of the judgment nunc pro tunc on August 30, 1932, Peurifoy took, within the time fixed by the statute, the several steps for the perfection of his appeal, namely, the filing of original and amended motions for new trial, the presentation of his amended motion to the court, the giving of notice of appeal in open court after the overruling of his motion and the filing of his appeal bond.

Since Thomason filed no motion for new trial after the entry of the judgment on August 30, 1932, it was necessary for him to file an appeal bond on or before September 29, 1932, in order to perfect an appeal from the judgment without filing a motion for new trial. Subdivision 31, art. 2092, R. S., 1925.

3   Thomason's amended motion for new trial filed June 18, 1932, cannot support the appeal which he attempted to perfect by filing appeal bond on October 28, 1932. It has no place in the process of appeal from the judgment entered August 30, 1932, because it was filed long before that judgment was entered. Furthermore, even if it was presented during the

latter part of June, 1932, it was overruled by operation of law at the expiration of forty-five days after the date of its filing (that is, on August 2, 1932), as it had not up to that time been determined and there was no written agreement of the parties in the case postponing the decision of the motion to a later date. Subdivision 28, art. 2092, Revised Statutes, as amended by Chapter 70, Acts 5th Called Session, 41st Legislature, p. 227 (1930); Independent Life Ins. Co. of America v. Work, 124 Texas, 281, 77 S. W. (2d) 1036; Dallas Storage & Warehouse Co. v. Taylor, 124 Texas, 315, 77 S. W. (2d) 1031.

By affidavits filed by Thomason in the Court of Civil Appeals and in the Supreme Court it is shown that Thomason presented his amended motion for new trial in the latter part of June, 1932, and that thereupon the court of its own motion, but with consent of counsel for defendant in error given in open court, postponed the determination of the motion until September 30, 1932. The proceedings in trial court prior and preparatory to appeal should be evidenced by instruments in writing duly filed, bills of exception, and orders or judgments of the court, and these incorporated in the transcript, so that all of such proceedings, in a complete and formal record, duly certified, may be presented to the appellate courts. It is not necessary, however, for us to determine whether the facts contained in the affidavits filed by Thomason in the Court of Civil Appeals and in the Supreme Court may be considered here, for we have reached the conclusion that such facts, when accepted as true, are not sufficient to change the conclusion which has been stated. They cannot override the mandatory requirement of Subdivision 28 of art. 2092, as amended, that motions for new trial must be determined within forty-five days after their filing, unless by written agreement of the parties in the case the decision is postponed to a later date. There was no written agreement of the parties postponing the determination of the motion, and it follows, as held in the decisions last above cited, that Thomason's amended motion for new trial was overruled by operation of law at the expiration of forty-five days from the date of its filing, which was long before the judgment nunc pro tunc was entered and much more than thirty days before Thomason's appeal bond was filed.

The third sentence in amended Subdivision 28 of article 2092 is as follows:

"No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at

the succeeding term or at any time which the Judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court."

4, 5 It is contended in behalf of plaintiff in error Thomason that by reason of the language of this sentence the determination of a motion for new trial may be, by the judge or by oral agreement of parties with leave of the court, postponed to any time during the term at which it is filed or during the succeeding term, notwithstanding the provision of the fourth sentence in the same subdivision to the effect that motions must be determined within not exceeding forty-five days after their filing unless by written agreement of the parties the decision is postponed to a later date. It is our opinion, however, that the general language of the third sentence of this subdivision is restrained by the more particular and mandatory language of the fourth sentence; and we construe these two sentences taken together to mean that a motion for new trial filed at one term may be acted upon at any time during the term at which it is filed, or at any time during the succeeding term, which may be fixed by the judge or by agreement of the parties with leave of the court, provided however, that the motion must in any event be determined within not exceeding forty-five days after its filing unless the time for its decision is postponed by written agreement of the parties. The third sentence of the subdivision was intended primarily to permit a motion to be carried over for decision to the term succeeding that during which it is filed, while the fourth sentence was intended to fix positively the final limit of the time within which the motion must be determined, whether during the term at which it is filed or during the succeeding term. A construction of the third sentence of Subdivision 28 that would give the court the power to postpone indefinitely the determination of motions would defeat the purpose of the amended subdivision which, as held in the two recent decisions above cited, was to fix definite limits of time for the presentation and determination of motions for new trial in order to expedite the final disposition of causes in the trial courts.

The judgment of the Court of Civil Appeals dismissing the appeal of Thomason is affirmed and the judgment of that court in so far as it dismissed the appeal of Peurifoy is reversed and the cause remanded to that court.

Opinion adopted by the Supreme Court May 15, 1935.