HIGHLAND FARMS CORPORATION ET AL V. FIDELITY TRUST COMPANY OF HOUSTON, TRUSTEE, ET AL.

No. 6872. Decided May 15, 1935.
Rehearing overruled June 26, 1935.
(82 S. W., 2d Series, 627.)

*Kendall & Depew, W. P. Hamlen, C. A. Leddy, Fulbright, Crooker & Freeman,* and *Samuel B. Dabney,* all of Houston, for relator.

On question that motion for new trial must be acted upon

within a specified time. Bradford v. Malone, 130 S. W., 1013; Pierce v. Watkins, 114 Texas, 153, 263 S. W., 906.

Jurisdiction cannot be given to a court by agreement or estoppel. Southern Surety Co. v. Inabnit, 119 Texas, 67, 24 S. W. (2d) 375; Johnson v. Butte Copper Co., 51 Mont., 126, 149 Pac., 715; Pierce v. Foreign Mission Board (Com. App.), 235 S. W., 552.

*R. C. Patterson, J. Y. Powell, Campbell, Myer & Myer,* of Houston, and *Black & Graves* and *Charles L. Black,* of Austin, for respondent.

The true meaning and effect of the agreement was to authorize the court to select a date during the term for the decision of the motion. Nevitt v. Wilson, 116 Texas, 29, 285 S. W., 1079; Porter v. Holt, 73 Texas, 447, 11 S. W., 494; McClure v. Sheek's Heirs, 68 Texas, 426, 4 S. W., 552; Hancock v. Winans, 20 Texas, 320.

Relators are now estopped to claim that the court was required by the agreement to decide the motion during the week of January 22, 1934, and that the court's failure to act during that week resulting in overruling the motion by operation of law. Hill v. Preston, 119 Texas, 522, 34 S. W. (2d) 780; Smith v. Shipley, 118 Texas, 415, 16 S. W. (2d) 269; Glenn v. Milam, 114 Texas, 160, 263 S. W., 900.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Relators seek the issuance of a writ of mandamus commanding the respondent, the Honorable Chas. E. Ashe, judge of one of the district courts of Harris County, to set aside an order entered by him granting a new trial and to give full force and effect to a judgment theretofore rendered in said court in favor of relators against respondent Fidelity Trust Company of Houston. Article 2092, Revised Civil Statutes of 1925, prescribes the rules of practice and procedure for the district courts of Harris County.

Judgment was rendered in the district court on November 23, 1933. The trust company filed its original motion for new trial on the next day and its amended motion for new trial on December 6, 1933. The amended motion was presented on December 22, 1933. In these steps there was compliance with subdivision 28, as amended in 1930 (Ch. 70, Acts 5th C. S., 41st, Leg., p. 227), and subdivision 29 of Article 2092. On January 19, 1934, which was within forty-five days after the

filing of the amended motion, the parties executed and caused to be filed a written agreement in the following language:

"And on this the 19th day of January, 1934, the Court on its own motion postponed further action on said amended motion for new trial *to the week of January 22nd, 1934*, for the reason that other matters in said Court prevented the further action on said motion on said date of January 19th, 1934, to which action of the Court the parties hereto, through their respective attorneys, agreed in writing, as evidenced by this agreement." (Italics ours).

On the same day the court entered an order which was signed by the parties, reciting:

"And on this said date, to-wit, January 19th, 1934, the Court, being unable to take further action on the matter on account of other cases pending in said Court, did on its own motion postpone the final action on said amended motion for new trial *until the week of January 22nd, 1934, on a date to be selected by the Court*, to which action of the Court the parties to said litigation agreed in writing." (Italics ours).

No other written agreement of the parties was made postponing the decision of the motion.

There was no action on the motion until June 8, 1934, when the respondent, the district judge, over the objection of relators, that the court had lost all power and jurisdiction to dispose of the motion because the judgment had become final, entered an order granting the motion and setting aside the judgment.

Relators contend that at the expiration of the time fixed by the agreement postponing the decision of the motion, no action having been taken by the court, the motion was overruled by operation of law and that the term of court as to the particular case and the court's jurisdiction over the case came to an end at the expiration of thirty days after the time when the motion was thus overruled. The contentions of respondent, the trust company, are: That amended subdivision 28 of Article 2092 is correctly construed to mean that the parties may agree for the postponement of the decision of the motion beyond the date fixed by the legislature, and that when they so agree the court then may determine the motion at any time it may fix not beyond the end of the next term; that the agreement made by the parties is to be construed as meaning that the determination was to be delayed until the 22nd day of January, and that then a date for decision should be selected by the judge; that relators by reason of their acts hereinafter

referred to are estopped to claim that the court's failure to act during the week of January 22nd, 1934, resulted in the overruling of the motion by operation of law; and that the questions of what the agreement was and of what was its legal effect were for decision by the district court, which decision is not subject to review in this proceeding.

Subdivision 28, as amended, of Article 2092 contains the following:

"All motions and amended motions for new trial must be presented within thirty days after the original or amended motion is filed and must be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

1 This language has been held to be mandatory and has been construed to mean that if a motion for new trial, whether original or amended, is presented within the thirty day period, but is not determined within forty-five days from the date of its filing, it is overruled by operation of law at the expiration of such forty-five days, in the absence of a written agreement of the parties postponing the decision of the motion to a later date. Independent Life Insurance Co. of America v. Work, 124 Texas, 281, 77 S. W. (2d) 1036; Dallas Storage and Warehouse Co. v. Taylor, 124 Texas, 315, 77 S. W. (2d) 1031; Millers Mutual Fire Insurance Co. of Texas v. Wilkirson, 124 Texas, 312, 77 S. W. (2d) 1035; Peurifoy et al v. Wiebusch, this day decided, 125 Texas, 207. It follows, therefore, that had the parties in this case made no written agreement extending the time for the decision, the amended motion for new trial would have been overruled by operation of law at the expiration of forty-five days from the date of its filing, that is, on January 20, 1934, and the judgment would have become final at the expiration of thirty days from the date last named, that is, February 19, 1934, and the court would have had no authority or power on June 8, 1934, or at any time after February 19, 1934, to grant a new trial.

Respondents do not question the validity of that part of subdivision 28 which permits the time for the decision of motions for new trial to be extended by written agreement of the parties. It was held to be valid in Independent Life Insurance Company of America v. Work, *supra.*

2 As to the construction of that part of subdivision 28 authorizing extension by written agreement of the parties, we

think that the discussion in the opinion in the case last cited of the agreement of the parties carries rather clearly the intimation that subdivision 28 contemplates and authorizes written agreements extending the time for the decision of motions for some definite period rather than agreements merely waiving the forty-five day limitation of the statute. Such, in our opinion, is the plain import of the language of the subdivision. Taken literally, the provision is for an agreement that the decision be postponed "to a later date," that is, to a date agreed upon. Nothing is said about waiving the statutory limitation of forty-five days or leaving to the court the fixing of a new ultimate time for decision. The construction contended for by respondent, the trust company, would not only do violence to the language of the statute, but it would be out of harmony with the purpose of the amendment, which was to fix positively and definitely the time within which motions must be decided. The evil sought to be remedied was delay in the final disposition of causes in the trial courts brought about by long postponement of action upon motions for new trial. The amendment fixed forty-five days after the filing of the motion as the time within which the court *must* determine the motion, and made but one exception to this mandatory rule, that is, it permitted the period for decision to be extended by written agreement of the parties. It gave the court no power to extend it. It was intended that there be no delaying of decision beyond the forty-five day period unless the parties agree in writing to a postponement, and that if they do so agree there shall be no delaying of decision beyond the later date agreed upon.

It is argued that if the construction sought by respondent be not given to the statute, then litigants will be permitted, by requiring their motions to be decided at times selected by them, to control the order of the court's business and to compel the neglect of other causes or motions of a more important or pressing nature. This argument assumes that the statute undertakes to give the parties the authority to name a certain time or a certain date when the court must act on the motion. It does not. It merely gives the parties the right to agree that the decision may be postponed to a later date. The court may decide the motion at any time within the period of the postponement that may suit its convenience. The statute allows the court a full forty-five days after the filing of the motion and leaves to the court the selection of the time for decision provided only it is made within the forty-five days. The exception merely permits the parties by written agreement to extend

the time within which the motion must be decided, leaving to the court the fixing of a time for decision within the extended period.

3    As has been held in the cases cited, it is necessary in order to give mandatory effect to the language of subdivision 28 as amended, to construe it to mean that a motion for new trial not decided within forty-five days from the date of its filing is overruled by operation of law. It was not intended, by permitting the parties through written agreement to extend the time for the court's decision, to affect or impair the mandatory nature of the statute. After the extension of the forty-five day period by written agreement of the parties, it is still imperative that the motion be determined before the end of the extended period. There is still a limited, though extended, time within which the motion must be determined. We hold, therefore, that if the motion is not decided before the end of the extended period as fixed by the written agreement, the result is the same as when the motion, in the absence of such agreement, is not determined before the expiration of the forty-five days, that is, it is at the end of the extended period overruled by operation of law.

This conclusion does not involve an arbitrary or unreasonable extension of constructive overruling of motions for new trial. It is, as has been suggested above, in furtherance of the primary purpose of the amended statute. Furthermore, the public interest is as directly advanced in securing disposition of motions for new trial in cases where the parties have agreed to extensions of the time for their decision as it is in securing prompt disposition of motions in cases where there are no such agreements. The motion is overruled by operation of law, not to give effect to agreement of the parties, but to accomplish the mandatory requirement of the statute that the motion must be determined, if not before the expiration of forty-five days, then before the later date to which the parties have agreed in writing that the period for decision be extended.

4    Respondent, the trust company, contends that the agreement of the parties "is reasonably susceptible of the interpretation that decision was to be delayed until the 22nd day of January, 1934, and that then a date of decision should be selected by the judge." The agreement as contained in the court's order, signed by the parties, is that final action on the amended motion for new trial shall be postponed "until the week of January 22nd, 1934, on a date to be selected by the

court." January 22nd was on Monday. The agreement was made on Friday, January 19, one day before the expiration of the forty-five day period fixed by the statute for decision in the absence of an agreement of extension. The language used clearly states the agreement of the parties to be that the decision of the motion be postponed until the week beginning January 22nd, 1934, and that the particular date or day during that week for the decision is to be selected by the judge. The phrase beginning with the word "until" marks the limit of the agreed period of extension. The time was extended until the week named, not beyond it. There is nothing in the language employed to suggest that the parties intended that the decision might be made at a date beyond the end of the week beginning January 22nd. The other written agreement of the parties quoted above makes no mention of a selection by the court of a date for decision and even more clearly than the signed order negatives the existence of an intention to postpone the decision beyond the designated week.

There being no ambiguity in the agreement, resort cannot be had to an interpretation given by the parties to the terms of the agreement in order to prove a construction contrary to the plain meaning. Shropshire v. Commerce Farm Credit Co., 120 Texas, 400, 415, 30 S. W. (2d) 282, 39 S. W. (2d) 1113; 2 Williston on Contracts, sec. 623, p. 1207; 13 C. J., sec. 517, pp. 546-549; Wright v. Scotton, 13 Del., Ch. 402, 121 Atl., 69, 31 A. L. R., 1162.

The following facts alleged in the answers are presented by the trust company as estopping relators now to claim that the agreement does not have the meaning placed upon it by respondents. The attorneys for the parties, including relators' attorneys, during the week beginning January 22nd, 1934, requested the court to act on the motion for new trial. The attorneys during the thirty days following the end of the week beginning January 22nd requested the court to take action on the motion. After the expiration of the thirty days and within sixty days prior to the time the court acted on the motion the attorneys for the parties conferred with the court and asked when a decision of the motion might be expected. Relators' attorneys on all of said occasions and in conversations with attorneys for respondent, the trust company, referred to the motion as still pending and made no statement that it would be or had been overruled by operation of law at the end of the week beginning January 22nd. At all of the times above mentioned the attorneys for relators knew that both the re-

spondent, the district judge, and the respondent, the trust company, interpreted the written agreement as authorizing the court to select a date for determing the motion during that term of court, that is, prior to July 1, 1934, and knew that respondents were relying upon the agreement as having that effect and upon their understanding, based upon the acts of relators' attorneys above referred to in requesting the court to decide the motion, that relators' attorneys interpreted the agreement in the same way.

5. Respondent's contention is that relators are estopped "in respect to the meaning of the agreement," that is, that relators by their acts in court under the agreement placed a certain meaning upon it and that they should not now be permitted to claim that the agreement has a different meaning.

There are no facts set out in the pleadings indicating that anything was at any time prior to May 28, 1934, said by relators' attorneys, either to the court or to the trust company's attorneys, about the meaning of the agreement. The allegations are in substance that relators' attorneys by their conduct in requesting the court to act upon the motion and in asking when a decision might be expected, and in failing to advise the court and the trust company's attorneys that they did not construe the agreement as the court and the trust company's attorneys construed it, placed upon the agreement the construction given it by respondents. The request made to the court during the week beginning January 22nd certainly was not a construction that the agreement authorized the court to act upon the motion after the end of that week. It was a request for action in accordance with the plain terms of the agreement. In the requests subsequently made there was no reference to the agreement, and it is not to be assumed that the parties in asking decision of the motion were acting under the agreement or were placing a meaning upon it. When these things occurred the Supreme Court had not construed amended subdivision 28. The decisions of the courts of civil appeals were confusing, some of those courts holding that the provisions of subdivision 28, notwithstanding its amendment, were but directory. There were statements in some of the opinions that the jurisdiction of the court to determine a motion for new trial filed in due time continued until the court acted upon the motion. The action of the parties in requesting decision of the motion both before and after the expiration of thirty days from the end of the week of January 22nd may be ascribed to un-

certainty as to the correct meaning of amended subdivision 28 rather than to interpretation of the agreement.

Essential elements of estoppel are absent. Relators did not request the trial court to postpone action upon the motion beyond the time fixed by the agreement. On the contrary, they sought decision within that time. The court was not caused by any word or act of relators to defer determination of the motion. The answers show that the court failed to decide the motion during the week beginning January 22nd because of other business deemed to be of a more pressing nature. Even during the thirty days after the expiration of the time fixed by the agreement, when the court still had jurisdiction of the case and could have granted a new trial, relators' attorneys requested the court to act on the motion.

In Peurifoy et al. v. Wiebusch (this day decided), 125 Texas, 207, 82 S. W. (2d) 624, it is held that the trial court cannot, with consent of the parties given in open court, in the absence of a written agreement, postpone the decision of a motion for new trial beyond the time fixed by the statute. It is so held because the legislature, in carrying out its declared purpose to fix definitely a "time limit" for the determination of motions for new trial, has seen fit to provide that they *must* be determined within forty-five days after their filing unless by *written agreement* of the parties the decision is postponed. So in this case, if relators had agreed in open court that the decision might be postponed to a later date than the end of the week beginning January 22nd, such action would not have bound them. This is true because the statute, in the interest of certainty and definiteness, and to avoid the conflicting testimony so often incident to oral agreements, has required agreements in writing.

6 The contention finally made by respondent, the trust company, is that questions of what the agreement was and of what was its legal effect were for decision by the trial court, and that its decision may not be reviewed in this proceeding. The rule invoked is that "where jurisdiction depends upon the existence of facts, a decision of the court rendering judgment that the facts exist cannot be assailed in a collateral proceeding." The rule has no application here. It is admitted that the written agreement set out in the petition was made. The construction and legal effect of the written agreement are questions of law.

The amended motion for new trial was overruled by operatiton of law at the end of the week beginning January 22nd,

1934. At the expiration of thirty days from the time the motion was thus overruled the judgment became final and the term of court was as to the case at an end. The trial court was without jurisdiction or authority to grant a new trial on June 8, 1934.

The writ of mandamus as prayed for will issue.

Opinion adopted by the Supreme Court, May 15, 1935.
Rehearing overruled June 26, 1935.