**HOUSTON LIGHTING & POWER CO. v. BOYD, District Judge, et al.**

No. 10760.

Court of Civil Appeals of Texas. Galveston.

March 10, 1938.

J. C. Hutcheson, III, of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for relator.

Heidingsfelder & Wander and Samuel Schwartz, all of Houston, for respondent Morris Turk, and as amicus curiae for respondent Ewing Boyd.

CODY, Justice.

Relator seeks to mandamus Hon. Ewing Boyd, judge of one of the district courts of Harris county, to set aside an order entered by him granting respondent Turk a new trial, and to give full force and effect to the judgment previously rendered in favor of relator against respondent Turk. The procedure and practice in the district courts of Harris county are governed by article 2092, R.S.1925, as amended.

The jury returned a verdict on special issues on October 24, 1937. Relator filed its motion for judgment on such verdict on October 30, 1937; and on the same day respondent Turk filed what he denominated "Plaintiff's Opposition, Objections, and Exceptions to Motion of Defendant for Judgment and Motion to Declare a Mistrial," the nature and character of which will hereafter be discussed. On November 8, after a hearing thereon, the court rendered judgment granting "the motion of defendant (relator), Houston Lighting & Power Company, to render and enter judgment in accordance with the form attached to its motion, and overrules the motion of plaintiff (respondent), M. Turk, to vacate and set aside the verdict of the jury and declare a mistrial, to which action of the Court in granting defendant's motion * * * and overruling his motion to declare a mistrial, plaintiff then and there, in open court, duly excepted." Later, on November 16, 1937, Turk filed a motion which he denominated, "Original Motion for New Trial"; and on November 29, 1937, he filed his "Amended Motion for New Trial." The court heard this last-mentioned motion on December 20, 1937, and made the following ruling thereon: That "plaintiff's said amended motion for a new trial herein, be and the same is hereby in all things granted and the verdict of the jury and the judgment of the Court heretofore rendered in said cause on the 8th day of November, 1937 * * * be and the same is hereby set aside and held for naught and this cause reinstated on the docket of this court and a new trial granted and ordered."

It is relator's contention that Turk's pleading, the so-called "Plaintiff's Opposition, Objections and Exceptions to Motion for Judgment and to Declare a Mistrial," is in substance and effect a motion for a new trial; that consequently the filing of it on October 30, 1937, was the filing of a motion for a new trial under subdivision 28, article 2092, so as to fix the time thereafter in which to conclude the term of court as to such case under the provisions of subdivision 30 of said article, reading: "30. Judgment final, when.—Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment or after a motion for a new trial is over-ruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is over-ruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

The motion filed by Turk on October 30, 1937, which relator contends is essentially a motion for a new trial, is too long to reproduce here. It opens in this style: "Comes now M. Turk * * * and excepts and objects to the rendition of and entry in said cause of any judgment in favor of the defendant, * * * and particularly the judgment presented in connection with said defendant's motion filed on the 30th day of October, A. D. 1937; and further, respectfully moves the Court to quash, strike out and expunge from the record, annul or to set aside the verdict of the jury returned into Court, received and filed on Tuesday, October 26, 1937, and declare a mistrial, for the following good and sufficient reasons, viz." Among the grounds specified therein, it was urged that the verdict was wholly without support in the evidence, and was against the great preponderance of the evidence, and that the argument of counsel was improper. The conclusion was in this language: "Wherefore, plaintiff respectfully prays the Court that the motion of the defendant for judgment be in all things denied, and that the verdict of the jury be stricken and expunged from the record in this cause, or set aside and held for naught and that the Court declare a mistrial. Plaintiff prays for all such other and further relief as may be by the Court deemed mete, just and proper, and in duty bound", etc. It is un-doubtedly true that much of the contents of the pleading which we have omitted copying is such as would have enabled it to do the service of a motion for a new trial. It is also competent to file a motion for a new trial, where the case is submitted on special issues, before judgment is rendered. Missouri-Kansas-Texas Ry. Co. v. Brewster, 124 Tex. 244, 78 S.W.2d 575; Anchor v. Martin, 116 Tex. 409, 292 S.W. 877; First Nat. Bank v. Chapman, Tex.Civ.App., 255 S.W. 807. But it is not the usual practice to so file a motion for new trial, and it is quite evident that respondent Turk, in the motion in question filed by him on October 30, was thereby, in express terms, moving the court to declare a mistrial, and accordingly filed it before judgment was rendered. He did not in terms invoke the court's jurisdiction by such motion to grant him a new trial. As above indicated, he moved the court for a new trial in terms only after the court had in terms refused to declare a mistrial, and after the court had rendered judgment against him, and this subsequent motion he formally designated "Motion for a New Trial." If the motion filed by Turk on October 30, 1937, is judged by its form, it is a motion for a mistrial. If it is judged by its content, it is certainly of such a nature as would have enabled it to do service as a motion for a new trial.

It is quite true that courts will pierce through form to get to the substance of a matter in order to promote, or prevent a miscarriage of, justice. But, if it should be conceded that Turk's motion of October 30 is in form one for a mistrial, but in substance one for a new trial, would justice for Turk be promoted, or injustice to relator prevented, by holding it a motion for a new trial? If it were held to be a motion for a new trial, it is undoubtedly true that the order made by the court granting a new trial on December 20 would have been a nullity, because such action would have taken place after the term of court, as to such case, had concluded, and the court's jurisdiction thereon would have ended. Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031; Highland Farms Corporation v. Fidelity Trust Co., 125 Tex. 474, 82 S.W.2d 627. And Turk would thereby be deprived of urging what he regarded as his motion for a new trial, not through any want of vigilance and diligence on his part in seasonably filing and urging the same, but because he included in his motion for a mistrial matter that he should have re-

served for his motion for a new trial. Now we know of no limitation, except a litigant's good judgment, on what matters he may set up in a motion for mistrial. Certainly he has the right to urge matters on which no qualified judge would declare a mistrial, inclusive of matter appropriate to a motion for a new trial. But in any case, by the terms of the practice act in question, Turk had the right to file his original motion for a new trial at any time within 10 days after judgment had been rendered against him. The form and contents of the motion which he filed on November 16, and which he designated his "Original Motion for New Trial," show that he thereby intended to, and did, exercise such right. After all, the contents of a motion are examined to determine the motion's purpose only when its purpose is otherwise doubtful. And the trial court did not err by, in effect, holding Turk's "Original Motion for New Trial" one in fact; and in construing the motion filed on October 30 for a mistrial, as one for a mistrial, and refusing to declare a mistrial on the grounds therein urged. It's the court's prerogative to determine if he considers any grounds urged in a motion as valid, but it's the litigant's prerogative to determine what grounds to urge therein as being valid. The fact that respondent Turk urged in his motion for mistrial grounds which could have been good only if urged for a new trial cannot have the effect of transforming, to his prejudice, such motion into one for a new trial.

 Respondent Turk insists we are without jurisdiction to entertain this application for mandamus, and relies on Wichita Falls Traction Co. v. Cook, Judge, Tex.Civ.App., 50 S.W.2d 422, and Adams v. Mitchell, Tex.Civ.App., 86 S.W.2d 884. In fact his only defense here consists of argument that we have no jurisdiction. In refusing the mandamus, instead of dismissing the application therefor, we express our opinion that we have jurisdiction. Relator herein has invoked our original jurisdiction to compel the entry of judgment which, under its theory, had become final at the time the court undertook to set it aside and grant a new trial. Had relator's theory been correct, it would have become our duty to issue the mandamus. Highland Farms Corp. v. Fidelity Trust Co., 125 Tex. 474, 82 S.W. 2d 627. Furthermore, in Dallas Railway & Terminal Co. v. Watkins, 126 Tex. 116, 86 S.W.2d 1081, the Supreme Court said:

"[1.] This court has the jurisdiction to issue a writ of mandamus to compel a district judge to proceed to judgment in a cause. [Citing authorities.] It is equally certain that Courts of Civil Appeals have the power to issue such writs." (Citing authorities.) The opinion then goes on to lay down the rule of practice which requires litigants to apply for writs of mandamus to Courts of Civil Appeals, before recourse is had to the Supreme Court. See, also, Driscoll v. Casstevens, Tex.Civ.App., 110 S.W. 2d 958, and authorities there cited.

Motion to dismiss refused; mandamus refused.

PLEASANTS, C. J., absent.