RICHMOND et al. v. CHAMPAGNE'S
BAKERY.

No. 3806.

Court of Civil Appeals of Texas. Beaumont.

March 20, 21, 1941.

Rehearing Denied April 2, 1941.

See, also, Tex.Civ.App., 118 S.W.2d 493.

Elton Cruse, of Beaumont, for appellants.

Dan P. Johnston and Barnes & Barnes, all of Dallas, for appellee.

WALKER, Chief Justice.

Appellee has moved to dismiss this appeal on the ground that appellants did not timely file their affidavit in lieu of appeal bond. We give the judgment overruling the amended motion for new trial:

"Jake Richmond et al. v. Champagne's Bakery.

"In the District Court of Jefferson County, Texas.

"Nunc pro Tunc Order Overruling Plaintiffs' First Amended Original Motion for a New Trial

"This the 16th day of August, 1940, it appearing to the court that on May 24, 1940, this court overruled plaintiffs' first amended original motion for a new trial, but that through inadvertence no written order has heretofore been entered thereon, this order is now entered nunc pro tunc, as of May 24, 1940;

"On May 24, 1940, came on to be heard plaintiffs' first amended original motion for a new trial in the above cause and it appearing to the court that a final judgment was entered in this cause December 20, 1939; that plaintiffs' original motion for a new trial herein was filed December 29, 1939, and that thereafter on January 18, 1940, an order was entered herein granting plaintiffs leave to file an amended motion for a new trial, and further that on January 18, 1940, there was filed herein plaintiffs' said first amended original motion for a new trial; that on February 14, 1940, an order was entered herein by the court approving the written agreement of the parties herein extending the time for the presenting (including the taking of all other action thereon) of plaintiffs' first amended original motion for a new trial.

up to and including March 23, 1940; that a similar order was entered herein March 21, 1940, extending such time up to May 11, 1940, and finally that a similar order was entered herein extending such time until June 1, 1940, said last order being entered herein May 10, 1940; and plaintiffs' first amended original motion for a new trial having been presented, as aforesaid, on May 24, 1940, after due consideration the court being of the opinion that said amended motion should be overruled, it is, therefore, this the 24th day of May, 1940, ordered, adjudged and decreed by the court that the said amended motion of plaintiffs for a new trial herein be and the same is hereby overruled; to which action and ruling of the court the plaintiffs then and there in open court duly excepted and in open court gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, sitting at Beaumont, Texas, and plaintiffs are allowed the full time allowed by law within which to prepare and file the statement of facts and bills of exception herein, said time dating from May 24, 1940, the date, as aforesaid, when the court actually overruled said amended motion for a new trial herein."

Appellee's motion is controlled by the following provisions of Section 28, Article 2092, Vernon's Texas Civil Statutes: "All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

From the court's judgment overruling the amended motion for new trial, it appears that the amended motion for new trial was postponed three times on the written agreement of the parties; the first order of postponement was entered on the 14th of February, 1940, extending the time for the presentation to March 23, 1940; the second order was entered March 21, 1940, extending the time of presentation to May 11, 1940; the third order was entered May 10, 1940, extending the time of presentation to June 1, 1940. On authority of these postponements of the presentation, the court received the presentation of the motion on May 24, 1940, and overruled it on that date. It thus appears that the amended motion for a new trial was not presented within thirty days after it was filed as provided by statute. In Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036, 1040, our Supreme Court ruled that the provisions of Subdivision 28, Article 2092, regulating the filing of motions for new trial, their presentation, and decision are mandatory; it was also ruled that the parties by agreement could postpone the decision of the motion beyond the forty-five days provided by statute, but could not, by written agreement or otherwise, postpone the presentation of the motion beyond the thirty days provided by statute. On this point Judge Greenwood, writing the opinion in the Work case, discussing the controlling statute, said: "It is argued, *and correctly,* that the agreement referred to in the last clause of amended subdivision 28 is one for decision instead of for presentment of the motion." (Italics ours.) The facts of the Work case did *not invoke that construction of the statute;* Judge Greenwood made the following statement of the facts: "In the case now before us, the amended motion for new trial was presented on May 7, 1932, within the statutory limit of 30 days from the date of its filing and within the time specified by the written agreement of the parties. It was not determined until 54 days after its presentation nor until 77 days after its filing."

Judge Smedley, writing for the Supreme Court, construing the pertinent provisions of Section 28, Article 2092, in Highland Farms Corporation et al. v. Fidelity Trust Co. of Houston et al., 125 Tex. 474, 82 S. W.2d 627, 629, said: "It merely gives the parties the right to agree that the *decision may be postponed to a later date."* (Italics ours.) But the facts in that case did not invoke a construction of the statute, on the right of the parties to postpone the presentation of the motion for new trial; the point at issue was the attempted agreement of the parties to postpone the decision of the motion.

We feel that we are bound by the construction given by our Supreme Court to the pertinent provisions of Section 28, Article 2092, and hold that the parties were without power to extend the *presentation* of the amended motion for a new trial beyond the statutory period of thirty days after it was filed. Therefore, appellee's motion to dismiss the appeal is sustained.

However, since the point at issue in the case at bar was not before the Supreme Court in the cases cited above, and since on our independent construction of the pertinent provisions of Section 28, Article 2092, the power to extend the *decision* of the motion also governs its *presentation,* we make the following disposition of this appeal on its merits; we do this so that, should our Supreme Court decide it was not bound by the obiter statements in the decided cases, it might have before it our conclusion on all issues presented by the appeal.

This appeal was prosecuted from the judgment entered on the instructed verdict in favor of appellee. The nature of the case is fully stated in our opinion on the former appeal, which was also from an instructed verdict in favor of appellee. Richmond v. Champagne's Bakery, Tex. Civ.App., 118 S.W.2d 493. The verdict on this appeal, as on the former appeal, was instructed in favor of appellee on the trial court's conclusion that the evidence did not raise the issues for the jury, that U. C. Champagne was the owner of the truck in the collision, that the driver of the truck was his agent, and that the driver was operating the truck in the course of his employment; admittedly, the evidence supported appellants on all other issues. On the following statement, taken from appellants' brief, it is our conclusion that the court erred in its construction of the evidence (Q. & A. reduced to narrative):

(1) Mr. J. Austin Barnes, attorney for appellee, testified: "I do not represent Champagne Bakery; I represent Mr. U. C. Champagne; I mean by that, the Champagne Bakery is just a trade name."

(2) J. D. Stephenson, witness for appellants, testified: "I saw the automobile accident, some three years or so ago, in which Mr. Richmond was involved. Well, it is very common there, if you are walking on the edge of the road, you have got to get out of the way of an automobile; and Mr. Champagne's bread truck was coming, and I stepped over a little closer to the ditch and got off the road and let him pass. After this Champagne truck passed me, it went on down and struck this Ford down at the intersection of the street and avenue. I saw Mr. Richmond's Ford just before the Champagne truck passed me. I knew the driver of the bakery truck, I knew him just by meeting him with bread in the grocery store where I traded—met him

there and on the street. We always salute one another when we pass. I bought Mr. Champagne's bread as long as he made it, but I was never in his bakery shop. This truck that ran into Mr. Richmond's car had on it 'Champagne'—something about Champagne's bread or something; it had Mr. Champagne's name on it."

(3) Appellant Richmond testified:

"Q. Mr. Richmond, do you recall the occasion of this collision with the Champagne Bakery truck? A. Yes, sir.

"Q. About what time of day did that happen? A. Well, it was just along about seven or seven thirty in the morning; between seven thirty and eight; something like that. * * *

"Q. And the Champagne Bakery truck, which way was it going? A. Supposed to be going west on Augusta Avenue.

"Q. Just tell the jury in your own words what happened as your Ford approached that intersection? A. * * * the bakery truck sideswiped our car as we swang to the right a little bit; the cab of the truck hit the rear end of the Ford; just lifted all the top off of it, caved the side in and broke all the glasses. * * *

"Q. About how fast did you say this Champagne Bakery truck was going when you saw it? A. Between 40 and 45 miles an hour."

(4) Mrs. E. H. Zingleman testified that she was driving the Richmond automobile at the time of the collision: "I had just stopped at the intersection of 9th and Augusta, and I had shifted into second gear, and as I was just entering the intersection I saw a bread truck coming, and I turned to the right and as I did, well, he hit the back of the car. I think I can estimate the speed of this bakery truck; the bread truck was going somewhere around 40 miles an hour to the best of my knowledge; the bakery truck tore up all the left side of the car."

(5) As indicated above by the questions asked the witnesses, and also by the questions asked generally of the witnesses, counsel for both appellee and appellants developed their testimony on the theory that it was the Champagne Bakery truck which was involved in the collision. Appellee made no objection to the questions propounded by appellants; the nature of the questions is indicated by the statement made above, assuming that the truck in question was the Champagne Bakery truck.

On Mr. Barnes' own testimony, appellee, U. C. Champagne, was operating the Champagne Bakery, quoting Mr. Barnes' words, "the Champagne Bakery is just a trade name." On Mr. Stephenson's testimony, the driver of the truck had long been driving Mr. Champagne's bakery truck; the driver was know to Mr. Stephenson personally, and as the driver of the truck. The truck had on it the name "Champagne," and additional words indicating that it was Champagne's Bakery. The hour of the collision indicated that the truck was delivering morning bread. Mrs. Beard's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031; Globe Laundry Co. v. McLean, Tex.Civ.App., 19 S.W.2d 94; and the many cases cited by Shepard's Southwestern Reporter Citations under these cases, clearly support the conclusion that the evidence as we have summarized it raised the issue that the bread truck in the collision belonged to appellee, Champagne, that the driver of the truck was his agent, and at the time of the collision was driving the truck in the course of his employment.

For the reasons stated above, the appeal is dismissed.