**JONES et al. v. CAMPBELL et al.**

No. 14692.

Court of Civil Appeals of Texas.
Fort Worth.

June 1, 1945.

Rehearing Denied July 13, 1945.

680

George M. Hopkins, of Denton, for appellants.

W. C. Boyd, of Denton, for appellees.

BROWN, Justice.

B. D. Jones and P. J. Jones, husband and wife, are both dead. Mrs. Jones died prior to the death of Mr. Jones, who passed away in 1936.

B. D. Jones left a will in which he appointed W. V. Jones his independent executor, and such executor qualified as such.

Before twelve months had elapsed since the qualification of said executor, he undertook to partition the estate among the surviving children and children of deceased children of B. D. and P. J. Jones. There were ten moieties thus partitioned.

The lands conveyed to Mrs. Emma Campbell, a surviving daughter were burdened by a debt for which both Mrs. Campbell and the estate of B. D. Jones were liable. This indebtedness, secured by a lien on the said real estate was owned by Bankers Life Company.

Said Bankers Life Company brought suit for its debt and foreclosure of its lien on the property described in its Deed of Trust and made the said Executor, Mrs. Campbell, and all of the heirs and distributees of the Jones estate parties defendant.

In this suit a cross-action was filed by Mrs. Emma Campbell in which she sought, among other contentions, a judgment against the B. D. Jones estate for $650. The trial court made an order of severance, without prejudice to the rights of Mrs.

Campbell, and her cross-action was given a separate and distinct file number.

Then the "Bankers Life" suit proceeded to trial with the result that a judgment of more than $5,000 was rendered against Mrs. Campbell and the Jones estate with foreclosure of the lien securing such debt on certain named properties, and the judgment provides that the properties be sold in a certain order to satisfy such judgment: That is to say, the lands that were deeded to Mrs. Campbell be first sold and thereafter, if the debt be not satisfied, the other properties that had belonged to the Jones Estate and which had been conveyed to the several Jones heirs be sold in the order named, until an amount necessary to satisfy the judgment be received.

This judgment became final and under the order of sale and execution all of the Jones estate properties were sold and there remained a surplus of about $1,840 in the hands of the sheriff of Denton County.

The then sheriff insisted that he did not know what to do with such surplus funds and he voluntarily deposited them with the then District Clerk of Denton County. The sheriff's term of office has long since expired, and the then District Clerk's term of office also expired.

The then District Clerk put these funds in an account that she designated as a "Trust Fund," all of which she turned over to the present District Clerk.

Mrs. Campbell's cross-action proceeded to trial and on October 28, 1943, judgment was rendered in her favor against the said executor of the Jones estate in the sum of $650. This judgment was never appealed from and is final.

On April 10, 1944, Mrs. Campbell filed an affidavit in garnishment against the present District Clerk of Denton County requiring him to answer as to what funds he has in his hands belonging to the said executor, or in what sum he is indebted to the said executor.

It thus became necessary to have a District Clerk pro tem appointed to act in the matter of the issuance of the writ of garnishment, and accordingly Ella Lunday was appointed such clerk and duly qualified and issued the said writ of garnishment.

In answer to such writ the District Clerk said that he had $1913.93 in his hands that belonged to W. V. Jones, ex-ecutor of the estates of B. D. Jones and P. J. Jones, deceased.

Coly Paulina Jones and Mrs. Nettie Sullivan, heirs and distributees of the Jones estate, and being the parties who had bid in all of the Jones estate's properties at the said sheriff's sale, filed an intervention contesting Mrs. Campbell's right to any part of said funds and set up several reasons · why, under their contentions, Mrs. Campbell should not recover anything.

These intervenors alleged that they had purchased all of the rights and claims of all of the other Jones heirs and distributees under the will.

On October 23, 1944, the District Court of Denton County rendered judgment for Mrs. Campbell for the sum of $650 as against said garnishee and decreed that after the payment of such sum, with interest at six percent and all costs, the balance be paid to said interveners.

On October 28, 1944, the said interveners filed a motion or a new trial.

The dates in the successive steps taken are very important because of the view we take and the disposition we make of this appeal.

The next proceeding appears to be an order of the said District Court dated October 28, 1944, which is as follows:

"Mrs. Emma Campbell vs. Clarance Maxwell, Garnishee. In the District Court of Denton County, Texas.

"On this the 28th day of October, A. D. 1944, the court being in the midst of the trial of the above entitled and numbered cause and this being the last day of the present term of said court and it appearing to the court that it will be unable to conclude said trial and enter judgment in said cause during the present term, it is the opinion of the court that the present term of the court should be accordingly extended.

"It is, therefore, ordered, adjudged and decreed by the court that the present term of said court be and the same is hereby extended until Saturday, the 27th day of January A. D. 1945 to enable the court to hear motions for judgment and to render judgment in said cause and to hear motions for new trial and such other matters as may properly come before the court in connection with the above entitled and numbered cause, and it is so ordered."

This order was made on the very day in which the motion for a new trial had been filed, and on Saturday before the next term of the court.

On January 27, 1945, an order was entered by the District Court which recites: "On this the 27th day of January A. D. 1945 at the regular June term of 1944 of this court as extended, came on to be heard in this cause the motion of the interveners, Coly Paulina Jones and Nettie Sullivan, to set aside the verdict of the jury and judgment rendered herein, and for a new trial, etc."

In this order the motion is overruled, and the interveners' exception and notice of appeal noted.

The appeal bond was filed with the District Clerk on February 22, 1945.

We are of opinion that this appeal must be dismissed for the following reasons:

There has come up a hue and cry for continuous terms of our District Courts because of the advantages thus to be obtained, but when this is accomplished all the burdens that attend upon continuous terms of court must also be carried.

Chapter 71, page 100, of the Acts of the Regular Session of the 48th Legislature of Texas passed in 1943 and effective March 20, 1943, Vernon's Ann.Civ.St. art. 199, District 16, provides for continuous terms of court for the Sixteenth Judicial District of Texas, composed of Denton and Cooke Counties.

In fixing the terms of court in Denton County the Act provides:

"In the County of Denton on the eighth Monday after the first Mondays in January and September, and on the twenty-second Monday after the first Monday in January.

"Each term of court in each of such counties may continue until the date herein fixed for the beginning of the next succeeding term therein.

"(b) The Judge of said court in his discretion may hold as many sessions of court in any term of the court in any county as is deemed by him proper and expedient for the dispatch of business."

The act further provides that if any court in any county of the district be in session at the time the Act takes effect such court shall continue in session until the term thereof shall expire under the provisions of existing laws, but thereafter all courts in said district shall conform to the requirements of the Act.

It is our opinion that the order of the District Court attempting to extend the term of court at which it was entered "until Saturday, the 27th day of January, A. D., 1945, to enable the court to hear motions for judgment and to render judgment in said cause and to hear motions for new trial and such other matters as may properly come before the court, in connection with the above entitled and numbered cause," is such an order as is prohibited by the very provisions of the Act of the Legislature making the terms of court in Denton County continuous and, to say the least, the order made by the court could not and did not enlarge the time limits set forth in Rule 330, or circumvent the plain provisions of such rule.

The preamble to Rule 330, Texas Rules of Civil Procedure specifically provides: "The following rules of practice and procedure shall govern and be followed in all civil actions in district courts in counties where the only district court of said county vested with civil jurisdiction, or all of the district courts thereof having civil jurisdiction, have successive terms in said county throughout the year, without more than two days intervening between any of such terms, whether or not any one or more of such district courts include one or more other counties within its jurisdiction."

In the case of Federal Underwriters Exchange v. Bailey, 175 S.W.2d 618, in which a writ of error was refused for want of merit, the Court of Civil Appeals for the Dallas District held that the Act of the Legislature making the terms of the district court of Kaufman County continuous had the effect of placing Kaufman County in the category of counties in which Rule 330 of the Rules of Civil Procedure governs the trial of District Court cases, and the judgment of the Court of Civil Appeals follows the provisions of such Rule.

Said Rule 330, paragraph j., provides: "A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was

filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

We find no order of the court passing or postponing the motion in the instant suit to any specified date, and the record contains no written agreement of the parties postponing the hearing on such motion to any "later date."

Under the act above mentioned and quoted making the terms of court in the District Court of Denton County continuous, we find that the first term of such court for the year 1944 convened by law on February 28, 1944, and such term was made continuous until the date fixed by the act for the beginning of the next succeeding term; the second term of such court convened on Monday, June 5, 1944, and was made continuous until the date fixed by the act for the beginning of the next succeeding term; and the third term of such court convened on Monday, October 30, 1944, and was made continuous until the next term fixed by the statute.

█ It appears from the provisions of the Act making the terms of the District Court in Denton County continuous and from the provisions of Rule 330 that no necessity could arise for the extension of any term of such court. This is made plain by Rule 330 which specifically provides that any unfinished matter pending before the court may be carried over to and the hearing thereof postponed to some day certain.

But it is evident that the postponement must be had and done in accordance with the provisions of Rule 330 and to a day certain.

In Pierce v. Loyd, 131 Tex. 401, 114 S.W.2d 867 (opinion adopted by the Supreme Court), the Commission of Appeals quoting from Highland Farms Corporation v. Fidelity Trust Company, 125 Tex. 474, 82 S.W.2d 627, holds that the statute then in force, which is now Rule 330, contemplates and authorizes written agreements extending the time for the decision of motions for some definite period, rather than agreements merely waiving the 45 day limitation of the statute; that the statute manifestly contemplates a fixed or certain date, beyond which the court may not delay the decision, otherwise the plain purpose of the statute would be defeated. (We have used the wording of the opinion without employing quotation marks.)

In Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624, 626, opinion adopted by the Supreme Court, wherein it appeared that the appealing party presented his amended motion for a new trial in due time but that the trial court of its own motion, with consent of counsel for the defendant in error, given in open court, postponed the determination of the motion "until September 30, 1932," the Commission of Appeals held: "It is not necessary, however, for us to determine whether the facts contained in the affidavits (showing the above mentioned action of the court and agreement of counsel) filed by Thomason in the Court of Civil Appeals and in the Supreme Court may be considered here, for we have reached the conclusion that such facts, when accepted as true, are not sufficient to change the conclusion which has been stated. They cannot override the mandatory requirement of subdivision 28 of art. 2092, as amended, that motions for new trial must be determined within 45 days after their filing, unless by written agreement of the parties in the case the decision is postponed to a later date. There was no written agreement of the parties postponing the determination of the motion, and it follows, as held in the decisions last above cited, that Thomason's amended motion for new trial was overruled by operation of law at the expiration of 45 days from the date of its filing."

The language of Rule 330 is in the identical wording of the statute under discussion in the above-cited case.

In the said Peurifoy v. Wiebusch case, cited supra, it was contended that the general language used in the statute, all of which comes before the last and specific provisions which relate to when motions for a new trial shall be presented and when same shall be determined "unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date," was sufficient

to sustain the appellant in his contention that his appeal was duly perfected, but the court held that the general language employed in the forepart of the statute "is restrained by the more particular and mandatory language" used in the last portion of such statute, and the court emphatically holds: "We construe these two sentences taken together to mean that a motion for new trial filed at one term of court may be acted upon at any time during the term at which it is filed, or at any time during the succeeding term, which may be fixed by the judge or by agreement of the parties with leave of court, provided, however, that the motion must in any event be determined within not exceeding 45 days after its filing unless the time for its decision is postponed by written agreement of the parties. The third sentence of the subdivision was intended primarily to permit a motion to be carried over for decision to the term succeeding that during which it is filed, while the fourth sentence was intended to fix positively the final limit of the time within which the motion must be determined, whether during the term at which it is filed or during the succeeding term."

■ It thus appears that even if the trial court had the authority and power to extend the term of court for sixty days into the next succeeding term of such court (all of which we seriously doubt) and if the motion before us was by such order continued as pending business at and in the said June term of the District Court, it was not presented to the trial court and determined within 45 days after such order was made.

■ We are of opinion that the motion for a new trial was overruled by operation of law long before the attempted action of the trial court in overruling it; that such order overruling the motion is a nullity; that appellants have not filed their appeal bond in time (same having been filed February 22, 1945), and that we have not acquired jurisdiction of this appeal.

Tunstill v. Scott, Tex.Civ.App., 182 S.W.2d 734, writ refused for want of merit, and cases cited.

There being nothing in the record showing that the motion was presented to the trial court within any 30 day period to which it was postponed for a hearing, or that it was acted upon within any 45 day period to which it was postponed, we are of opinion that the appeal should be dismissed.

■ This is strictly a jurisdictional matter.

It is the duty of the Clerk of the Court of Civil Appeals to discover and call the court's attention to such matters as appear in the record before us. See Rule 389. But we are aware of the fact that such defects as the one before us may frequently not be discovered by the Clerk, however diligent he may be, and the failure of the Clerk to act under Rule 389 in the suit before us does not relieve this court of the duty to act.

■ Such a matter as is before us may be raised at any time in this Court or in the Supreme Court by any interested party, or it may be and should be acted upon by any appellate court before which the cause is pending, on its own motion.

We dislike to be compelled to dismiss any appeal, but when it is our plain duty to do so, we have no alternative.

The appeal is dismissed.

On Motion for Rehearing.

After we felt compelled to dismiss the appeal in this case for want of jurisdiction to hear it, the appellants filed a motion requesting us to permit them to file an amended Transcript which purports to show that the order attempting to extend the June, 1944, term of the District Court was in fact the culmination of several such orders: That is to say, the order was first written attempting to extend the term of said Court only to November 18, 1944, and then this order was interlined and changed so as to attempt to extend the term of court to December 30, 1944, and then such order was interlined and changed so as to attempt to extend the said term of Court to January 27, 1945.

■ We have ordered the amended Transcript filed so that appellants may have whatever advantage it gives in case an application for a writ of error may become necessary, or may be sought. But we fail to see how the amended Transcript assists appellants or gives them comfort.

The decisions in Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624 and Highland Farms Corporation v. Fidelity Trust Co., 125 Tex. 474, 82 S.W.2d 627, which received the unqualified approval of the Supreme Court, settle every question and

issue raised by appellants in their motion for a rehearing.

 First, we are confronted with the fact that no written agreement made by the parties to the suit was ever entered into, whereas, it is definitely decided that such written agreement to postpone the hearing on the motion for a new trial is indispensable in order to effect a lawful postponement and that the agreement must provide for a time certain for a hearing; second, it is definitely held that if a written agreement is entered into, its meaning, when couched in plain words becomes a matter of law, and no other construction may be read into it.

In the instant suit, appellants contend that the order of the trial court, on which they rely, should be construed to mean what the parties to the suit orally agreed upon and that we should consider the order of the trial court as if it were the written agreement of the parties.

The record discloses that the preparation of the order was left to the Clerk of the trial court and that no interested party attempted to prepare an order embodying the terms agreed upon.

We make nothing out of this order except an attempt on the part of the trial court to extend his term of court so as "to enable the court to hear motions for judgment and to render judgment in said cause and to hear motions for new trial and such other matters as may properly come before the court in connection with the above entitled and numbered cause."

This order, like the advertisement of a certain well-known manufacturer of paint, "covers the earth," insofar as the case before the trial court was concerned.

An examination of the record discloses that there was no motion for judgment, in such cause, then pending, in fact there was none such ever filed and no necessity for any such motion because the matter of entering judgment was not then before the court, seeing that judgment had then been rendered and only a motion to set aside the judgment and grant a new trial was then on file.

 We are unable to construe this order as one postponing the hearing of the motion for a new trial to any named or definite date, even if we were warranted in construing it as a written agreement entered into by the interested parties and we are firmly convinced that we have no right or authority to hold that it is such a written agreement.

 The argument that it is not fair to hold the complaining parties to a strict compliance with the rules when, by common consent, over a long period of time, the practicing attorneys in the community in which this cause was tried, have made it a rule not to require agreements between counsel to be reduced to writing, appeals to us only because it is evidence of a fine spirit, in which confidence, trust and friendly co-operation must make the practice of law a great pleasure, but where the rules require the kind of agreement, that was necessary in the instant suit, to be in writing, in order to lawfully postpone the hearing of a motion for a new trial in a trial court, it is obvious that we may not ignore the rule, but that we must enforce it.

The motion is overruled.