**BARNES et ux. v. RAYMER et ux.**
**No. 2779.**

Court of Civil Appeals of Texas. Eastland.
Oct. 21, 1949.

·Brooks, Duke, Templeton & Brooks, Abilene, for appellant.

Nunn & Griggs, Sweetwater, for appellee.

PER CURIAM.

Appellees have filed a motion to dismiss the appeal herein on the grounds: (1) that appellants' motion for new trial was not filed nor presented within the time provided by Rule 330(k), Texas Rules of Civil Procedure; (2) that appellants' amended motion was not presented within the time required by Rule 330(j); and (3) that appellants did not file statement of facts or bills of exception within the time prescribed by Rule 381(a).

The rules, or portions thereof, material hereto are as follows:

"(j) * * * All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

"(k) A motion for new trial where required shall be filed within ten (10) days after the judgment is rendered or other order complained of is rendered, and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is filed."

"(l) Judgments of such civil district courts shall become as final after the

expiration of 30 days after the date of judgment or after a motion for a new trial is overruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

Rule 381(a) provides: "When an appeal is taken from a judgment rendered in a civil cause tried in either the district court, county court, or county court at law, the party appealing shall have fifty days after the rendition of final judgment or order overruling motion for new trial, if such motion is filed, or perfection of writ of error, within which to prepare and file his statement of facts and bills of exception in the trial court."

Rule 356(a) provides: "Whenever a bond for costs on appeal is required, the bond shall be filed with the clerk within thirty days after the date of rendition of judgment or order overruling motion for new trial."

An examination of the record discloses that judgment was rendered by the trial court on April 21, 1949. On April 25, 1949, appellants' original motion for a new trial was timely filed.

On June 15, 1949, appellants filed an amended motion for new trial and on the same day, such amended motion and also appellants' original motion were presented and overruled.

The filing of the amended motion was more than 20 days after the filing of appellants' original motion and its determination was more than 45 days after the filing of such original motion. The amended motion and the order attempting to act thereon were, therefore, both nullities and formed no basis for an appeal. Tunstill v. Scott, Tex.Civ.App., 182 S.W.2d 734.

The original motion for new trial filed on April 25, 1949, was not presented within 30 days nor determined within 45 days after the date of its filing as required by Rule 330(j), nor does the record disclose a written agreement of the parties providing for the postponement of a decision thereon. In the absence of a showing in the record of such written agreement, it cannot be presumed to have been made. Pecos & N. T. Ry. Co. et al. v. Cox, 105 Tex. 40, 143 S.W. 606. It is also to be noted that although the rule provides for an agreement to postpone the decision of a motion for new trial, no mention is made therein of an agreement to postpone the presentment thereof. In the case of Richmond et al. v. Champagne's Bakery, Tex. Civ.App., 149 S.W.2d 304, it is held that the parties to an action are without power to extend the time for presentment of such motion. In any event, the record in this case fails to show the existence of a written agreement by the parties to postpone the decision on the motion. The result is that the original motion for new trial was overruled by operation of law 30 days after its filing, and the date of such overruling was May 25, 1949. Independent Life Ins. Co. of America v. Work, District Judge, et al., 124 Tex. 281, 77 S.W. 2d 1036; Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, et al., 124 Tex. 315, 77 S.W.2d 1031; Millers Mutual Fire Ins. Co. of Texas v. Wilkirson et al., 124 Tex. 312, 77 S.W.2d 1035; Highland Farms Corporation et al. v. Fidelity Trust Co. of Houston, 125 Tex. 474, 82 S.W.2d 627; Alexander Motor Co. v. Pruitt, Tex. Civ.App., 198 S.W.2d 947; Tunstill v. Scott, supra; Fitzgerald v. Lane, 137 Tex. 514, 155 S.W.2d 602; Insurors Indemnity & Ins. Co. v. Associated Indemnity Corporation et al., 139 Tex. 286, 162 S.W.2d 666.

In order to perfect their appeal appellants were required to file bond for costs, statement of facts and bills of exception within the various periods provided after the overruling of the motion for new trial. Alexander Motor Co. v. Pruitt, supra.

The statement of facts and bills of exception were filed on June 23, 1949, which

518

is well within the 50 days provided in Rule 381(a).

The record shows, however, that appellants' bond was filed on July 5, 1949 which is more than 30 days after May 24th, the date upon which appellants' original motion was overruled by operation of law. Appellants, therefore, failed to perfect their appeal and this court is without jurisdiction.

The motion to dismiss the appeal is granted.